■ In the Matter of SECURITY ADVERTISING CO., INC., Respondent, v. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Appellant.— Order, entered March 3, 1964, unanimously reversed, on the law and facts, with $20 costs and disbursements to the appellant, and motion of petitioner to vacate subpœna duces tecum denied, with $10 costs. The subpœna was issued in an inquiry commenced by appellant to determine whether action should be taken as authorized by the provisions of article 11 of the Business Corporation Law or subdivision 12 of section 63 of the Executive Law. Both of these statutes (Business Corporation Law, § 109, subd. [b], par. [6]; Executive Law, § 63, subd. 12) authorize and empower the Attorney-General, among other things, to take proof in any such inquiry and "issue subpœnas in accordance with the civil practice law and rules." The words "in accordance with" as therein used mean that a subpœna is to be issued in a manner not repugnant to or in conflict with the provisions of the Civil Practice Law and Rules. Article 23 of that enactment contains general provisions for the manner of issuance and service of subpœnas but our attention has not been directed to any provision thereof that is not in harmony with the express legislative grant of power to the Attorney-General. The section relied on by respondent (CPLR 2302, subd. [a]) has no pertinency. Therein authority is granted to other officials and persons to issue subpœnas without a court order but that is not in conflict with or does not vitiate the power delegated to appellant. We conclude that there was authority and power to issue the subpœna. In addition petitioner sought to quash the subpœna upon the ground that the Attorney-General had failed to establish a basis for instituting the inquiry. While the facts are scantily set forth in the opposing affidavit we find sufficient in the record to show that the subpœnaed books and records bear "'a reasonable relation to the subject-matter under investigation and to the public purpose to be achieved.'" (Matter of La Belle Creole Int. v. Attorney-General, 10 N Y 2d 192, 196.) [42 Misc 2d 333.] Concur — Breitel, J. P., Valente, Eager, Steuer and Bastow, JJ.

■ RALPH L. BROWN, Respondent, v. BEATRICE B. M. BROWN, Appellant.— Order, entered February 7, 1964, permitting a limited examination by plaintiff in an action for divorce, unanimously affirmed, without costs. (See Nomako v. Ashton, 20 A D 2d 331.) Settle order on notice fixing date for examination to proceed. Concur — Breitel, J. P., Valente, Eager, Steuer and Bastow, JJ.