Anthony J. Ferraro, J.
Petitioner makes application for enforcement of a subpoena duces tecum requiring respondent to produce certain enumerated documents at a fair hearing presently in progress before the State Division of Human Rights.
Respondents claim that the documents requested are irrelevant to the complaint filed and instead of making a motion to quash have refused to supply the information thus precipitating this motion.
The crux of the complaint is that respondent discriminated against petitioner in employment by denying her equal terms, conditions and privileges of employment and by terminating her employment because of her age.
The court must commence its consideration of this application with the premise that discrimination is not usually so obvious and overt as to lead to its instant and conclusive recognition. One who is bent on discrimination does not as a rule publicly declare or announce his purpose. Rather, he is more likely to take a path that is devious, subtle and elusive. (State Div. of Human Rights v Kilian Mfg. Corp., 35 NY2d 201; Matter of Holland v Edwards, 307 NY 38.) Consequently, in order to meet the issue of discrimination it is necessary to ferret out the facts. The broadest latitude must be allowed to accomplish this purpose. The disclosure of any facts which bear on the issue must be required if the information is "useful” and "needful” as distinguished from "indispensable.” (Allen v Crowell-Collier Pub. Co., 21 NY2d 403; Taylor v Smith & Corona Typewriters, 266 App Div 903.) If the material requested bears a reasonable relation to the subject under investigation and is not utterly irrelevant thereto the subpoena must be upheld. (La Belle Creole Int., S. A. v Attorney-General of State of N. Y., 10 NY2d 192; Matter of Security Adv. Co. v Lefkowitz, 20 AD2d 860; Dairymen’s League Co-op. Assn. v Murtagh, 274 App Div 591.)
Pensions and profit-sharing benefits are necessarily related to age and duration of employment. A pattern and practice of terminating employees at a given age to effect a monetary saving of pension and profit-sharing benefits could well be considered discriminatory. Pattern and practice connotes continued conduct over a period of years and sheds light on intent and purpose of human endeavor. (Griggs v Duke Power Co., 401 US 424; Machinists Local v Labor Bd., 362 US 411; Wilkins v Earle, 44 NY 172.) Such pattern and practice can *3 only be ascertained by examining the records of other employees and the pension benefits acquired or lost.
Respondents contend that petitioner is not entitled to seek production of the work records of "floaters” because she was a permanent employee. However, the complaint alleges that petitioner was employed as a secretary since 1961 "for a number of individuals in various departments, sometimes on semi-permanent assignment, and sometimes as a 'floater’ filling in for secretaries who were away.”
Since petitioner claims she was not treated equally the records of other "floaters” become relevant. Furthermore, petitioner claims that when she was terminated from her position, she was not allowed to serve as a "floater”.
Likewise the production of records relating to training programs would indicate whether petitioner was afforded an equal opportunity to reap the fruits of this fringe benefit.
The production of the records does not insure their admission into evidence. It is the function of the hearing examiner to rule on the admission and exclusion of evidence. (Human Rights Law, § 297, subd 4, par a [Executive Law, art 15].) Respondents have failed to demonstrate that they will be aggrieved by a production of the records. If they are aggrieved by their improper admission into evidence they may seek review through the exclusive procedures prescribed by sections 297 (subd 4, par a) and 298 of the Human Rights Law. At the very least, petitioner should be afforded the opportunity to present all the evidence to insure that she truly receives the fair hearing contemplated by the law.
Respondents are therefore directed to produce the requested documents with the exception of records of managerial personnel who are not involved in this dispute.