■ ALFRED DIAS, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant.—Order, Supreme Court, New York County (Stanley S. Ostrau, J.), entered September

18, 1984 which directed respondent-appellant to comply with a subpoena requiring the production of certain documents and which punished respondent-appellant with contempt for its prior failure to comply with said subpoena, unanimously modified, on the law, to strike the finding of contempt, and otherwise affirmed, without costs.

Complainant, a former employee of respondent Consolidated Edison, instituted a proceeding before the New York State Division of Human Rights, alleging that his employment was terminated in violation of Executive Law § 298. The Division of Human Rights found probable cause to believe that Dias had been discriminated against on the basis of age, disability, and national origin, and scheduled a formal hearing for January 11, 1984.

Prior to the hearing, Dias served a subpoena duces tecum on Consolidated Edison requiring the production of various documents, *inter alia,* the personnel records of certain Con Ed employees. Con Ed refused to comply with the subpoena and instead Dias was forced to make this motion in Supreme Court seeking to compel compliance.

We find that the records subpoenaed herein are relevant to the discrimination claims so as to demonstrate the pattern and practice of decision making. As such, the subpoena must be upheld. *(Russo v Reader's Digest,* 91 Misc 2d 1; *see, Matter of La Belle Creole Intl. v Attorney-General of State of N. Y.,* 10 NY2d 192.) Con Ed's concerns regarding the rights of confidentiality of these employees is provided for by Justice Ostrau's order, which directs prior submission to the Administrative Law Judge to inspect the records consistent with the requirements of confidentiality and to determine admissibility and exclusion of evidence. (Executive Law § 297; *see also, Russo v Reader's Digest, supra.)*

This subpoena, issued in connection with an administrative hearing, is nonjudicial. *(See,* CPLR 2302 [a].) Upon a party's failure to comply with a nonjudicial subpoena, CPLR 2308 (b) permits that a motion be made in Supreme Court to compel compliance. As the Practice Commentary succinctly states, in regard to a nonjudicial subpoena "[i]t seems clear enough that no contempt punishment can be sought until compliance has been judicially ordered but not forthcoming." (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2308:6, p 251; *see also,* 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2308.01b.) Accordingly, that portion of the order which punishes Con Ed for contempt must be stricken. Concur— Murphy, P. J., Kupferman, Ross, Asch and Ellerin, JJ.