■ Belco Petroleum Corp. et al., Respondents, v AIG Oil Rig, Inc., et al., Appellants, et al., Defendants.

On the prior appeal (164 AD2d 583, 599) we took note of the allegation in the complaint that specified defendants " 'have engaged in a pattern and practice of rescinding insurance policies, without regard to the merits of the grounds for rescission, whenever faced with a possibility of a significant claim on a policy' ". We dismissed that pleading as conclusory, stating: "We think it incumbent on Belco, at the pleading stage, to disclose the sources of its information and belief and *otherwise come forward with whatever evidence it has of the alleged pattern and practice" (supra,* at 599 [emphasis added]).

We did, however, grant plaintiffs leave to move to replead. Instead of so moving, plaintiffs moved for discovery in aid of repleader under a paragraph of the cited CPLR section which, as a technical matter, only applies "[b]efore an action is commenced" (CPLR 3102 [c]), which is not the case here. Also, defendants focus upon the emphasized language of our prior decision *(supra),* which would seem to have limited plaintiffs' recourse, in seeking to amend their pleading, to the information already known to them.

Under the unique circumstances presented here and the

extensive prior litigation between the parties *(see,* 164 AD2d, *supra,* at 592-596), we agree with the motion court that to deny plaintiffs (the prevailing parties on the prior appeal) all discovery in aid of what must be their final effort at demonstrating a viable cause of action would be to grant them a Pyrrhic victory. However in assessing the propriety of discovery in a pre-lawsuit (here, really, a pre-cause of action) setting, a sensitive balance must be struck between the intrusiveness of the discovery device as against the merits, or lack thereof, of the claim *(see, e.g., Stewart v Socony Vacuum Oil Co.,* 3 AD2d 582, 583-584).

The gist of plaintiffs' claim has been an allegedly improper course of conduct by defendants in *rescinding* insurance policies on a specious or contrived basis whenever a substantial claim is asserted thereunder. Yet in Interrogatory No. 3, plaintiffs would compel defendants to respond to the following: "Identify all lawsuits and arbitration proceedings currently pending against AIG in which an insured seeks to recover from AIG under a political risk insurance policy, professional liability insurance policy, directors and officers liability insurance policy, corporation reimbursement policy, or general commercial liability policy. For each such lawsuit or proceeding, identify the insured, the type of coverage, counsel to the insured, the amount claimed, and the defenses to the claim asserted by AIG."

This interrogatory, ranging as it does far beyond the original "improper rescission" claim, and calling for a wide inventory of palpably irrelevant matter, cannot stand.

Likewise the document demand, which would probably require a warehouse to accommodate the responsive material, is unduly burdensome, certainly at this preliminary stage of the litigation, and constitutes nothing more than "a stab in the dark" (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3102.14), which cannot be justified. Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Kassal, JJ.