■ GREATER NEW YORK MUTUAL INSURANCE COMPANY, Respondent, v LANCER INSURANCE COMPANY, Appellant, et al., Defendants. [611 NYS2d 35] —In an action for a judgment declaring, inter alia, that the plaintiff has no duty to defend

or indemnify the defendant Harran Transportation Company, Inc., in multiple underlying actions arising out of the alleged sexual abuse of schoolchildren by its school bus drivers, the defendant Lancer Insurance Company appeals (1) from an order of the Supreme Court, Nassau County (O'Brien, J.), dated March 5, 1992, which denied its oral application to depose the plaintiff's representative, and (2) from an order of the same court (O'Shaughnessy, J.), dated December 16, 1992, which, upon reargument, granted the plaintiff's motion for a protective order, vacated its supplemental demand for discovery, and denied the branch of its cross motion which was to vacate the prior purported order of the same court (O'Brien, J.), dated March 5, 1992, which denied its application to depose the plaintiff's representative.

Ordered that the appeal from the purported order dated March 5, 1992, is dismissed; and it is further,

Ordered that the order dated December 16, 1992, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

This action is one of two actions in which two insurers seek a judgment declaring, *inter alia,* that the other is liable for any judgments that might be entered against the Harran Transportation Company, Inc. (hereinafter Harran), the insured, for acts of sexual abuse and assault allegedly committed against multiple schoolchildren by its employees. The respondent Greater New York Mutual Insurance Company (hereinafter Greater New York) provides general liability insurance to Harran, and the appellant Lancer Insurance Company (hereinafter Lancer) provides automobile coverage to Harran. Harran operates school buses.

Alleging that the "auto use" exclusion found in Greater New York's policy was ambiguous or not meant to cover the type of claims asserted in the underlying actions, Lancer sought to depose a Greater New York representative and to discover all of Greater New York's files in which similar claims had been raised. The Supreme Court found that no deposition was warranted "at this time." The Supreme Court also found Lancer's document request was excessively burdensome in view of Greater New York's affidavit stating that it would have to locate and physically examine more than 7,000 claim files, in various branch offices and warehouses, in order to determine which were relevant to this action. We agree and affirm.

Courts have wide discretion to determine what is "material and necessary" to the prosecution or defense of an action. Although the phrase "material and necessary" is to be liberally construed, the test is one of "usefulness and reason" (CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403). A sensitive balance must be struck between the intrusiveness of the discovery device and the merits, or lack thereof, of the claim *(see, Belco Petroleum Corp. v AIG Oil Rig,* 179 AD2d 516).

Here, assuming that Lancer's discovery requests are material and necessary in order to resolve any questions of ambiguity created by the contract language, it is the reasonableness of the discovery demands, not their subject matter, which is at issue. We find that the Supreme Court reached a reasonable compromise by expressly leaving the door open to a future deposition, should there be reason to hold one, and by allowing Lancer to seek intracompany communications bearing generally on Greater New York's construction of the relevant policy language *(see, West v Aetna Cas. & Sur. Co.,* 28 AD2d 745).

The order dated March 5, 1992, is merely a signed transcript of a proceeding in open court during which the court determined an oral application for a protective order. An order that determines a motion that was not made on notice is not appealable as of right (CPLR 5701 [a] [2]; [c]; *Blasie v County of Westchester,* 169 AD2d 697; *Nicolini v Carvel Corp.,* 142 AD2d 633), and we are disinclined to grant leave to appeal to a party who has taken it upon itself to perfect an appeal without obtaining leave to appeal *(see, Sainz v New York City Health & Hosps. Corp.,* 106 AD2d 500; *Roberts v Modica,* 102 AD2d 886). Therefore, the appeal from the order dated March 5, 1992, is dismissed. In any event, the issue raised by Lancer on its appeal therefrom is identical to one of the issues raised on its appeal from the order dated December 16, 1992. Mangano, P. J., Balletta, O'Brien and Florio, JJ., concur.