■ JOY HARRISON et al., Respondents, v BAYLEY SETON HOSPITAL, INC., et al., Appellants. [631 NYS2d 182] —In a negligence action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Yoswein, J.), dated April 29, 1994, as granted the plaintiffs' motion to compel discovery and denied their cross motion for an order of protection.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

CPLR 3101 (a) provides that there shall be full disclosure of all evidence "material and necessary" in the prosecution or defense of an action, regardless of the burden of proof. The words "material and necessary" are to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist in the preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason (see, Allen v Crowell-Collier Publ. Co., 21 NY2d 403; see also, DiMichel v South Buffalo Ry. Co., 80 NY2d 184, 193; Greater N. Y. Mut. Ins. Co. v Lancer Ins. Co., 203 AD2d 515, 517).

A party's right to discovery is not unlimited, however, and may be curtailed when it becomes an unreasonable annoyance and tends to harass and overburden the other party (see, Conrad v Park, 204 AD2d 1011, 1012). That is exactly what happened here. Many of the plaintiffs' demands were overly broad and vexatious and tended to confuse, rather than sharpen, the central issue of negligence. Accordingly, we remit this matter to the Supreme Court and direct it to limit the plaintiffs' demands only to evidence that is material and necessary (see, CPLR 3101 [a]). Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.