*551 In a consolidated action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), entered July 3, 2002, which denied her motion to compel the defendant North Shore University Hospital to disclose, among other things, its bylaws, rules, regulations, policies, and procedures for nine separate departments and granted the cross motion of the defendant North Shore University Hospital for a protective order pursuant to CPLR 3103.
Ordered that the order is affirmed, with costs.
A plaintiff’s motion to compel discovery should be denied where, as here, the document demands are overly broad, vexatious, and tend to confuse, rather than sharpen, the central issue of negligence (see Harrison v Bayley Seton Hosp., 219 AD2d 584 [1995]). Here, the plaintiffs vast categorical demands for the bylaws of the hospital and its medical staff, as well as the rules, regulations, policies, and procedures for nine separate departments, including surgery, anesthesiology, radiology, nursing, pathology, medical records, the surgical intensive care unit, the blood bank, and the post-anesthesia care unit, were overly broad and unduly burdensome.
In addition, the Supreme Court properly denied the plaintiffs demand for the doctors’ initial applications and subsequent renewal applications for hospital privileges on the ground that those records are exempt from disclosure pursuant to Education Law § 6527 and Public Health Law article 28. Those statutes protect records relating to the hospital’s performance of a medical or quality assurance review function (see Logue v Velez, 92 NY2d 13 [1998]).
The plaintiffs remaining contentions are without merit. S. Miller, J.R, Krausman, Townes and Cozier, JJ., concur.