■ CLARENDON NATIONAL INSURANCE CO., Respondent, v ATLANTIC RISK MANAGEMENT, INC., Appellant. [873 NYS2d 69]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered December 19, 2007, which, insofar as appealed from as limited by the brief, declined to compel plaintiff to produce certain documents sought by defendant, unanimously modified, on the law and the facts, to direct plaintiff to make available for inspection or produce copies of all its claims files in which defendant acted as its third-party claims administrator (TPA) from 1997 to 2005, with each party bearing its own expenses, and otherwise affirmed, without costs.

Order, same court and Justice, entered December 19, 2007, which, insofar as appealed from as limited by the brief, denied defendant's motion to compel plaintiff to comply with certain of its discovery demands, including documents requested in defendant's first and second sets of discovery demands, unanimously modified, on the law and the facts, to direct plaintiff to make available for inspection or produce copies of all its claims files in which defendant acted as its TPA from 1997 to 2005, with each party bearing its own expenses, and otherwise affirmed, without costs.

Order, same court and Justice, entered July 17, 2008, which, insofar as appealable, declined to consider defendant's motion to compel compliance with its third and fourth sets of discovery demands, unanimously modified, on the law and the facts, the motion granted to the extent of directing plaintiff to make available for inspection or produce copies of all its claims files in which defendant acted as its TPA from 1997 to 2005, with each party bearing its own expenses, and otherwise affirmed, without costs.

Order, same court and Justice, entered August 7, 2008, which, insofar as appealed from as limited by the brief, denied without prejudice defendant's motion to compel plaintiff to comply with its fifth set of discovery demands, unanimously modified, on the law and the facts, to direct plaintiff to produce copies of any applicable reinsurance policies, and otherwise affirmed, without costs.

Many of defendant's requests for production, including its requests for all plaintiff's claims files in which plaintiff either agreed or disagreed with any of its TPAs' coverage recommenda-

tions and all plaintiff's claims files containing key words such as "coverage," were overbroad and unduly burdensome (*see e.g. Belco Petroleum Corp. v AIG Oil Rig*, 179 AD2d 516, 517 [1992]). Nonetheless, to the extent plaintiff's action is premised on contentions that it consistently relied on and approved defendant's coverage recommendations, its claims handling practices are relevant to defendant's defense (*see Dias v Consolidated Edison Co. of N.Y.*, 116 AD2d 453 [1986]; *Austin v Calhoon*, 51 AD2d 958 [1976]). We find that directing plaintiff to produce all claims files in which defendant acted as TPA strikes an appropriate balance between defendant's legitimate interests in discovery of plaintiff's claims handling practices and coverage denial patterns and the burdensomeness and intrusiveness of its demands (*see Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 747 [2000]). We see no reason to deviate from the general rule that, during the course of the action, each party should bear the expenses it incurs in responding to discovery requests (*see Waltzer v Tradescape & Co., L.L.C.*, 31 AD3d 302, 304 [2006]).

As to defendant's request for information relating to reinsurance policies available to Clarendon with respect to the claims at issue in this litigation, CPLR 3101 (f) entitles defendant to copies of the applicable reinsurance policies themselves (*see Anderson v House of Good Samaritan Hosp.*, 1 AD3d 970 [2003]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Moskowitz, Acosta and Freedman, JJ.