OPINION OF THE COURT
Eileen Bransten, J.
Defendants Benjamin Shaoul, Marc Ravner, Lemadre Development, LLC and Magnum Management, LLC (the defendants) move to compel plaintiffs Blake and Tracy Silverman (the plaintiffs) to pay for costs of electronic discovery. Plaintiffs oppose.
The parties are familiar with the facts of this matter, and therefore the facts are only discussed as necessary.
Analysis
Defendants move to compel plaintiffs to pay for the costs of “collecting, processing and hosting electronic data” incurred due to plaintiffs’ requests for disclosure. (Defendants’ mem of law in support of order to show cause to compel plaintiffs to pay for costs of electronic discovery [defendants’ mem] at 1.) Defendants argue that New York law places such costs on the shoulders of the producing party. Defendants further argue that the data requested was not “readily available,” and thus they should not be required to pay for its production.
Defendants rely heavily on T.A. Ahern Contrs. Corp. v Dormitory Auth. of State of N.Y. (24 Misc 3d 416 [Sup Ct, NY County 2009]) for the proposition that New York law is well settled in that the “party seeking discovery bear[s] the cost incurred in its production.” (Id. at 424, citing Waltzer v Tradescape & Co., L.L.C., 31 AD3d 302, 304 [1st Dept 2006]; defendants’ mem at 2; reply affirmation of Stanley Goos in support of order to show cause to compel plaintiffs to pay for electronic discovery [reply affirmation] 1Í 4.) In T.A. Ahern, both parties moved to compel electronic and other discovery. The plaintiff, Ahern, argued that either the producing party should bear the costs of reviewing the data in question, or turn it over in full subject to a confidentiality agreement, so that Ahern would be able to undertake its own review. (T.A. Ahern, 24 Misc 3d at 418-419.) *493 The court declined to compel production of each party’s requests for electronic discovery until each party agreed to cover the costs of producing the data that party requested. (Id. at 424.) Any agreement between the parties allocating production costs was specifically subject to reallocation at trial. (Id.)
By contrast, in the instant case, without plaintiffs’ agreement defendants performed work for which they now seek reimbursement. Defendants argue that plaintiffs’ failure to respond to defendants’ July 9, 2010 letter regarding production costs estimates, coupled with August 2010 e-mail discussions between plaintiffs and defendants regarding search terms to be utilized in discovery, constitute plaintiffs’ agreement to bear the costs of production. (Reply affirmation If 8; see reply affirmation, exhibit C [August e-mails]; affirmation of Stanley Goos in support of defendants’ order to show cause to compel plaintiffs to pay for electronic discovery [Goos affirmation], exhibit C [July 9, 2010 letter from Stanley Goos to Arthur Rosenberg].) However, a party’s silence will only be “deemed an acquiescence where he or she is under such a duty to speak that his or her ‘conduct, accompanied by silence, would be deceptive and beguiling.’ ” (Russell v Raynes Assoc. Ltd. Partnership, 166 AD2d 6, 15 [1st Dept 1991], quoting Brennan v National Equit. Inv. Co., 247 NY 486, 490 [1928].) Plaintiffs had no duty in law to respond, and plaintiffs’ lack of response may not be deemed acquiescence.
Defendants have neither alleged nor shown anything about plaintiffs’ August e-mails such that the court will interpret plaintiffs’ lack of response to the July 9 letter as acquiescence to its terms. Plaintiffs’ silence and subsequent conduct were neither deceptive nor beguiling.
Furthermore, even if T.A. Ahem was more factually similar to the instant case, the proposition for which defendants cite the case, when contextualized, does not advance their argument. In stating that it is the “well-settled rule in New York State that the party seeking discovery bear[s] the cost incurred in its production,” T.A. Ahern cites the Appellate Division, First Department, decision in Waltzer. (T.A. Ahern, 24 Misc 3d at 424.) Waltzer, as defendants repeatedly cite, declares: “as a general rule, under the CPLR, the party seeking discovery should bear the cost incurred in production of discovery material.” (31 AD3d at 304; defendants’ mem at 3; reply affirmation IÍ 4.)
However, defendants chose to cite Waltzer selectively. The cited quote continues, “however, here we are not dealing with the retrieval of deleted, electronically stored material.” (Waltzer, *494 31 AD3d at 304.) Nor does the instant case involve deleted or similarly impeded data. Indeed, the cases cited by defendants for the proposition that the requesting party should bear the costs of electronic discovery demonstrate a higher burden to obtain and produce upon the producing party than defendants allege here. Defendants’ data was available, but “interspersed amongst data related to [defendants’] other business entities.” (Defendants’ mem at 5; reply affirmation H 12.)
Defendants next cite Lipco Elec. Corp. v ASG Consulting Corp. (4 Misc 3d 1019[A], 2004 NY Slip Op 50967[U] [Sup Ct, Nassau County 2004]) for the proposition that the requesting party pays for the costs of production. The court in Lipco declined to order the electronic discovery sought and thus the actual burden that would have been visited upon ASG, the party from whom production was sought, is unknown. However, ASG alleged that
“[i]n order to provide the data sought ... a separate program would have to be devised to search for and extract each individual table of data . . . [, a] relational data base would then have to be created to store the extracted data and a program devised to transfer the data on to a disc or hard drive . . .
“[then] a compatible version of [the original program] would have to be acquired and installed in order to read and collate the data.” (Lipco Elec. Corp., 2004 NY Slip Op 50967[U], *6-7.)*
The burden on ASG was thus much greater than in the case at bar.
Defendants also rely on Delta Fin. Corp. v Morrison (13 Misc 3d 604 [Sup Ct, Nassau County 2006]) for the proposition that “allocating costs to the requesting party is appropriate where the producing party implemented search and de-duplication protocols in order to harvest responsive information.” (Defendants’ mem at 4.) Extensive discovery had already been conducted in that case, including restoration of back-up tapes containing requested data. Therein, the defendants sought additional discovery from the plaintiffs including additional searches on data already restored from which discovery materials had been produced and searches that would require restoration of additional backup tapes. (13 Mise 3d at 606-614.) Importantly, the defendants volunteered to pay the costs associated with further discovery and raised the possibility that further searches might *495 not be worthwhile. (Id. at 607.) The court, skeptical that any relevant documents would be found, accepted defendants’ offer to pay and ordered test searches to determine whether further discovery was appropriate. (Id. at 612, 614.) Delta Fin. Corp. is distinguishable from the case at bar. Plaintiffs have not offered to pay for the costs incurred, relevance is not at issue, and, importantly, the burden borne by the Delta Fin. Corp. defendants included restoration of archived material, whereas in the instant case, defendants’ burden does not.
Defendants next cite Etzion v Etzion (7 Misc 3d 940 [Sup Ct, Nassau County 2005]) for the proposition that “ordering the requesting party to pay for costs may be appropriate where the producing party must copy or clone entire hard drives of information.” (Defendants’ mem at 4.) The court in Etzion ordered the requesting plaintiff to pay the costs of her own computer expert, but not simply because files had to be copied or cloned. The court stated that
“[i]n cases in which it is suggested that some files might have been deleted or altered, the services of a computer expert are required to insure complete and accurate discovery of relevant data. Notwithstanding an effort to delete certain information, computer experts assert that they can nonetheless ‘clone’ a hard drive and restore or rescue deleted documents.” (Etzion, 7 Misc 3d at 943.)
Indeed, the plaintiff in that case did suggest that files had been altered, and the services of computer experts for both sides were required. (Id. at 941-942.) The court in Etzion thus envisioned a heavier burden than defendants suggest.
Furthermore, contrary to defendants’ assertions, the Appellate Division, First Department, recently stated that it saw “no reason to deviate from the general rule that, during the course of the action, each party should bear the expenses it incurs in responding to discovery requests.” (Clarendon Natl. Ins. Co. v Atlantic Risk Mgt., Inc., 59 AD3d 284, 286 [1st Dept 2009].) Reading Clarendon with Waltzer, precedent shows that the requesting party bears the costs of electronic discovery when the data sought is not “readily available.” Data is not readily available upon a showing of undue burden by the producing party to obtain the data. (Cf. Waltzer, 31 AD3d at 304; MBIA Ins. Corp. v Countrywide Home Loans, Inc., 27 Misc 3d 1061, 1075-1076 [Sup Ct, NY County 2010]; Delta Fin. Corp, 13 Misc 3d at 605-617; Lipco Elec. Corp., 2004 NY Slip Op 50967[U], *6-7.)
*496 The data at issue in the instant case was neither archived nor deleted; it was simply stored in a number of places and “interspersed with defendants’ various documents for their several business entities.” (Defendants’ mem at 5; reply affirmation If 12.) The fact that defendants were required to “process” the data discloses no undue burden, but merely the normal burden of litigation. Indeed, defendants suggest they keep their records in accordance with the general expectations of the business world. (Reply affirmation 1Í1Í10, 17.) We do not suggest that retrieving archived data is the only circumstance that renders electronic data not “readily available.” However, defendants’ documents requested by plaintiffs have not been shown to be unduly difficult or burdensome to obtain and produce. Defendants repeatedly suggest that their allegedly incurred high costs of producing the requested documents is a product of producing responsive documents. (Defendants’ mem at 2-3, 5; Goos affirmation If 1112, 14; Goos affirmation, exhibit F [affidavit of Deborah Duffy If If 11-14]; reply affirmation 1Í10.) This is a cost that Waltzer places squarely on the shoulders of the producing party: “The cost of an examination by defendants’ agents to see if [material] should not be produced due to privilege or on relevancy grounds should be borne by [the producing party].” (31 AD3d at 304.)
We have considered defendants’ arguments and find them unavailing.
Accordingly, it is ordered that defendants’ order to show cause to compel plaintiffs to pay for costs of electronic discovery is denied.

 Furthermore, Lipco’s holding regarding cost-sharing in e-discoveiy derives from two cases predating the explosion of e-discovery.