FC Bruckner Associates, L.P., et al., Appellants, v Fireman's Fund Insurance Co., Respondent, et al., Defendant. [981 NYS2d 15]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 22, 2012, which denied plaintiffs' motion to vacate so much of a conference discovery order that ruled that defendant was not required to produce two specified claims files and to compel defendant to produce those files and any claims file arising under the excess insurance policy at issue, unanimously reversed, on the law and the facts, without costs, and the motion granted.

Plaintiffs seek a declaration that defendant is obligated to indemnify them in an underlying personal injury action. Defendant contends, among other things, that plaintiffs failed to provide timely notice of the occurrence. Under Ohio law, which governs the issue of timely notice in this case (see 95 AD3d 556 [1st Dept 2012]), if it is determined that their notice was untimely, then plaintiffs will bear the burden of rebutting the consequent presumption of prejudice to defendant (see Ferrando v Auto-Owners Mut. Ins. Co., 98 Ohio St 3d 186, 208, 781 NE2d 927, 947 [2002]).

Plaintiffs seek to rebut the presumption by establishing, inter alia, that, as an excess insurer, defendant would not have become more involved in the handling of the underlying action had it received notice at an earlier time. The requested claims

files may shed light on defendant's excess claims handling practices and policies during the pertinent time period by showing the actions that defendant took when it received timely notice of claims arising under the same excess policy. Therefore, the requested files are material and necessary to plaintiffs' prosecution of this case (*see Clarendon Natl. Ins. Co. v Atlantic Risk Mgt., Inc.*, 59 AD3d 284 [1st Dept 2009]; CPLR 3101 [a]).

Plaintiffs' demand was not overbroad or unduly burdensome, since it specifically sought claims files arising during the relevant time period under the excess policy at issue in this case. Moreover, defendant's counsel represented to the court that "there weren't a lot of claims files," and defendant's ready access to these files is demonstrated by the fact that the files were the source of two documents it has already produced.

In any event, plaintiffs' need for the discovery outweighs any special burden to be borne by defendant (*see Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 746 [2000]). Defendant represented to the motion court that it was unable to locate the bulk of its records pertaining to plaintiffs' named insured. Furthermore, defendant has not produced a witness with first-hand knowledge of its excess handling practices during the applicable time period.

Since defendants did not move for a protective order, and plaintiffs' demand was not " 'palpably improper,' " the motion court was precluded from denying plaintiffs' motion on the basis of unspecified "privacy" concerns (*see Zurich Ins. Co. v State Farm Mut. Auto. Ins. Co.*, 137 AD2d 401, 401-402 [1988]). Concur—Mazzarelli, J.P., Andrias, DeGrasse and Clark, JJ.