McCarthy, J.P.
Appeal from an order of the Supreme Court (Nolan Jr., J.), entered January 20, 2016 in Saratoga County, which partially denied a motion by defendant Superior Plus Energy Services, Inc. to, among other things, conditionally dismiss the complaint against it unless plaintiffs complied with discovery requests.
Plaintiffs Ronald Earn and Jennifer Kim were forced to leave their home after it was declared uninhabitable as the result of approximately 125 gallons of heating oil spilling into their dirt-bottomed basement. Plaintiffs claim that the spill was caused by a combination of defendant Superior Plus Energy Services, Inc. mistakenly refilling an oil storage tank on plaintiffs’ property after the furnace was deemed faulty and an agent of defendant A. Johnson Plumbing and Heating, Inc. spilling the oil as he attempted to remove the oil tank and plaintiffs’ furnace at a later date. Pursuant to an amended complaint, plaintiffs sought indemnification, contribution, restitution, injunctive relief and a declaratory judgment that defendants were strictly and jointly and severally liable for the discharge on the property in violation of Navigation Law article 12 and, as a result, were responsible for reimbursing plaintiffs for past and future remediation costs and damages. Plaintiffs also claimed damages stemming from Superior Plus’s alleged negligence, breach of both its contract with plaintiffs and express and implied warranties guaranteed thereby and acts amounting to private nuisance and trespass.
After joinder of issue, Superior Plus moved pursuant to CPLR 3124 and 3126 to conditionally dismiss the complaint unless plaintiffs complied with discovery requests, as well as to compel plaintiffs to disclose all nonprivileged documents, answer all interrogatories, appear and pay for additional depositions and pay all costs related to the retrieval of emails from Jennifer Kim’s former employer. Supreme Court denied Superior Plus’s motion to conditionally dismiss the complaint and demand that plaintiffs pay the costs of retrieving docu *1313 ments from Jennifer Kim’s former employer, finding that plaintiffs did not willfully violate any discovery requests. The court also denied Superior Plus’s request that plaintiffs be required to participate in additional depositions at their expense. Nonetheless, the court partially granted the motion to the extent of ordering plaintiffs to review the emails that they withheld for privileged materials, promptly disclose any nonprivileged emails and submit privilege logs and claimed privileged materials to the court for in camera review. Superior Plus appeals, and we affirm.
Where a party “wil [1] fully fails to disclose information which the court finds ought to have been disclosed” (CPLR 3126), a trial court may “fashion an appropriate remedy,” which may include conditional dismissal of the action (Congleton v United Health Servs. Hosps., 67 AD3d 1148, 1150 [2009]; see CPLR 3126 [3]). Because resolution of an action on the merits is favored, however, in order for such a dismissal to be appropriate, “there must be a clear showing of willful or contumacious conduct” (Kinge v State of New York, 302 AD2d 667, 669 [2003]; see Gokey v DeCicco, 24 AD3d 860, 861 [2005]; Altu v Clark, 20 AD3d 749, 750 [2005]). Absent a clear abuse of discretion, a trial court’s decision as to whether or not to impose such a sanction will not be disturbed on appeal (see VanEtten Oil Co., Inc. v Exotic Flora & Fauna, Ltd., 78 AD3d 1438, 1439 [2010]; Olmsted v Pizza Hut of Am., Inc., 61 AD3d 1238, 1241 [2009]). In addition, a party may move to compel compliance with or a response to a discovery request if the opposing party failed to comply with or respond to the same (see CPLR 3124). Generally, however, “the party seeking discovery should bear the cost incurred in the production of discovery material” (Waltzer v Tradescape & Co., L.L.C., 31 AD3d 302, 304 [2006]; see CPLR 3116 [d]; Clarendon Natl. Ins. Co. v Atlantic Risk Mgt., Inc., 59 AD3d 284, 286 [2009]).
The record unambiguously establishes that plaintiffs complied with some requests for discovery from Superior Plus, appeared for depositions, attempted to stipulate that they did not possess certain emails that Superior Plus sought and made certain objections to some of Superior Plus’s requests based on their breadth and burden or based on asserted privilege. Moreover, in his affirmation, Ronald Kim attested that particular emails that his wife wrote that Superior Plus sought were the property of and were in possession of her former employer. He also explained that plaintiffs had not complied with other requests from Superior Plus that sought privileged materials that were maintained by his law firm and that had *1314 been created in anticipation of the instant litigation. Considering the foregoing, Supreme Court did not abuse its broad discretion in determining that Superior Plus did not clearly show that plaintiffs engaged in willful or contumacious conduct when they failed to comply with certain discovery requests (see East Schodack Fire Co., Inc. v Milkewicz, 140 AD3d 1255, 1258 [2016]; Mary Imogene Bassett Hosp. v Cannon Design, Inc., 97 AD3d 1030, 1032 [2012]; compare Citibank, N.A. v Bravo, 140 AD3d 1434, 1435-1436 [2016]). Likewise, given the evidence that Jennifer Kim did not own and no longer had access to emails that she had sent from a former employer’s account, the court did not abuse its discretion in denying Superior Plus’s requests that plaintiffs pay for the production costs of obtaining the emails from the employer and that plaintiffs should appear for additional depositions at their expense now that Superior Plus had obtained those emails (see Deep v Boies, 121 AD3d 1316, 1322-1324 [2014], lv denied 25 NY3d 903 [2015]; Clarendon Natl. Ins. Co. v Atlantic Risk Mgt., Inc., 59 AD3d at 286). Superior Plus’s remaining contentions are also without merit.
Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
Ordered that the order is affirmed, with costs.