Green Tree Servicing LLC v Bormann (2018 NY Slip Op 00217)





Green Tree Servicing LLC v Bormann


2018 NY Slip Op 00217


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

525134

[*1]GREEN TREE SERVICING LLC, Respondent,
v
EUGENE . BORMANN, Also Known as EUGENE BORMANN, Also Known as EUGENE . BORMAN, et al., Appellants, et al., Defendants.

Calendar Date: November 14, 2017

Before: Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.


The Clements Firm, Glens Falls (Thomas G. Clements of counsel), for appellants.
Berkman, Henoch, Peterson, Peddy & Fenchel, PC, Garden City (Rajdai D. Singh of counsel), for respondent.




MEMORANDUM AND ORDER
Clark
, J.
Appeals from two orders of the Supreme Court (Auffredou, J.), entered January 6, 2017 in Warren County, which, among other things, granted plaintiff's cross motion for summary judgment.
In July 1999, defendants Eugene V. Bormann and Barbara L. Bormann (hereinafter collectively referred to as defendants) executed a promissory note in favor of "Mayflower DBA Home Funding," which was secured by a mortgage on certain real
property located in the Town of Lake Luzerne, Warren County [FN1]. In August 2006, defendants ceased making payments on the note, and, in May 2014, plaintiff commenced this mortgage foreclosure action. Defendants joined issue and, thereafter, served discovery demands upon plaintiff, including a demand for a verified bill of particulars. When plaintiff failed to respond to [*2]these discovery demands, defendants moved to amend their answer to assert the affirmative defense of standing and for an order precluding plaintiff from introducing proof in support of its claim. Supreme Court (Krogmann, J.) granted defendants' motion to amend their answer, treated their motion for preclusion as a motion to compel and directed plaintiff to respond to defendants' discovery demands within 30 days of its decision and order. Defendants subsequently amended their answer and asserted an affirmative defense alleging that plaintiff lacked standing to commence this action.
In April 2016, following plaintiff's continued nondisclosure, and upon defendants' motion, Supreme Court (Auffredou, J.) issued a conditional order of preclusion ordering plaintiff to comply with defendants' discovery demands within 30 days of service of its order and directing that, should plaintiff fail to comply, it would be precluded from introducing proof in support of its claim. In accordance with the conditional order of preclusion, plaintiff responded to defendants' discovery demands. However, defendants were dissatisfied with certain of plaintiff's responses and moved for summary judgment dismissing the complaint on the ground that plaintiff "willfully refused to disclose evidence that it has standing to maintain this action." Plaintiff opposed the motion and cross-moved for, as relevant here, summary judgment and the appointment of a referee to compute the amount owed. Supreme Court, among other things, denied defendants' motion, finding that plaintiff's "lack of cooperation with disclosure" was not willful, deliberate or contumacious and that the drastic remedy of dismissing the action was unwarranted, and granted plaintiff's cross motion for summary judgment. Defendants appeal.
Initially, defendants take issue with Supreme Court's denial of their motion for summary judgment dismissing the complaint on the basis that plaintiff willfully ignored their discovery demands. Pursuant to CPLR 3126, a trial court is authorized to fashion an appropriate remedy where a party "refuses to obey an order for disclosure or wil[l]fully fails to disclose information which the court finds ought to have been disclosed" (see Kim v A. Johnson Plumbing & Heating, Inc., 148 AD3d 1312, 1313 [2017]; D.A. Bennett LLC v Cartz, 113 AD3d 945, 946 [2014]). "While a court may order dismissal of any action or a claim therein as a penalty for noncompliance with disclosure demands or orders, this type of drastic remedy is reserved for situations where a party's failure to comply is willful, contumacious, or in bad faith" (Mary Imogene Bassett Hosp. v Cannon Design, Inc., 84 AD3d 1543, 1544 [2011] [internal quotation marks and citations omitted]; see O'Connor v Syracuse Univ., 66 AD3d 1187, 1191 [2009], lv dismissed 14 NY3d 766 [2010]; Kumar v Kumar, 63 AD3d 1246, 1248 [2009]). Absent a clear abuse of discretion, the determination to impose or not to impose a sanction pursuant to CPLR 3126 will not be disturbed on appeal (see Seale v Seale, 149 AD3d 1164, 1165 [2017]; Kim v A. Johnson Plumbing & Heating, Inc., 148 AD3d at 1313; Mokay v Mokay, 111 AD3d 1175, 1177 [2013]).
We discern no such abuse of discretion here. Following Supreme Court's issuance of a conditional order of preclusion, plaintiff provided defendants with responses to their various discovery demands within the directed time frame. Although plaintiff did not provide a certified copy of the promissory note, as demanded by defendants, it did provide a copy of the note, endorsed in blank. Additionally, while plaintiff asserted, in response to one of defendants' bill of particulars requests, that "[t]he present physical location and custodian of the [n]ote [was] irrelevant at [that] time," Supreme Court reasonably concluded that plaintiff's response constituted an objection based on relevance and did not amount to willful or contumacious conduct. Accordingly, Supreme Court did not abuse its discretion in determining that dismissal of the action was unwarranted and, as such, we will not disturb its denial of defendants' motion (see Kim v A. Johnson Plumbing & Heating, Inc., 148 AD3d at 1313-1314; Kumar v Kumar, 63 AD3d at 1248-1249; compare Adamski v Schuyler Hosp., Inc., 36 AD3d 1198, 1199-1200 [*3][2007]).
Turning to plaintiff's cross motion, plaintiff established its prima facie entitlement to summary judgment as a matter of law by submitting the mortgage, unpaid note (endorsed in blank) and evidence of defendants' default (see HSBC Bank USA, N.A. v Szoffer, 149 AD3d 1400, 1400-1401 [2017]; Bank of N.Y. Mellon v Rutkowski, 148 AD3d 1341, 1341 [2017]; Bank of N.Y. Mellon v McClintock, 138 AD3d 1372, 1373 [2016]). Inasmuch as defendants challenged plaintiff's standing to maintain this action, plaintiff was also required to demonstrate that it was the holder or assignee of the mortgage and the holder or assignee of the underlying note at the time that this action was commenced (see Citibank, NA v Abrams, 144 AD3d 1212, 1214 [2016]; Wells Fargo Bank, N.A. v Walker, 141 AD3d 986, 987 [2016]; U.S. Bank N.A. v Carnivale, 138 AD3d 1220, 1220-1221 [2016]). "However, 'it is not necessary to have possession of the mortgage at the time the action is commenced,' as '[a] transfer in full of the [note] obligation automatically transfers the mortgage as well[,] unless the parties agree that the transferor is to retain the mortgage'" (Bank of N.Y. Mellon v Cronin, 151 AD3d 1504, 1506 [2017], quoting Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2009] [citations omitted]; accord Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307 [2012]; see Citibank, NA v Abrams, 144 AD3d at 1214).
Plaintiff asserted that it had standing by virtue of its physical possession of the note at the time that this action was commenced. However, because the note had only an undated endorsement in blank from the original lender, it did not evidence plaintiff's possessory interest (see JP Morgan Chase Bank, N.A. v Hill, 133 AD3d 1057, 1058 [2015]; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 739 [2015]; Bank of Am., N.A. v Kyle, 129 AD3d 1168, 1169 [2015]). To establish its actual physical possession of the note, plaintiff produced the sworn affidavit of Emily Johnson, a document execution specialist employed by plaintiff [FN2]. Johnson averred that she was familiar with the type of records maintained by plaintiff and that she had personal knowledge of plaintiff's procedures for creating the records, which were kept in the regular course of plaintiff's business and made at or about the time of the occurrence of the matters recorded by individuals with personal knowledge of the recorded information. She stated that, based upon a review of plaintiff's books and records, the note was physically delivered to plaintiff on April 30, 2014, prior to the commencement of this action, and that plaintiff had been in possession of the note ever since. While "the better practice" would have been for plaintiff to demonstrate precisely how it came into possession of the note (Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; see U.S. Bank N.A. v Carnivale, 138 AD3d at 1221), Johnson's affidavit was sufficient to establish, prima facie, that plaintiff had actual physical possession of the note at the time that this action was commenced in May 2014 (see JPMorgan Chase Bank, [*4]N.A. v Verderose, 154 AD3d 1198, 1200 [2017]; Bank of N.Y. Mellon v McClintock, 138 AD3d at 1374-1375; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739).
In opposition, defendants failed to raise a triable issue of fact as to whether plaintiff was the holder of the note and the mortgage at the time that it commenced this action (see U.S. Bank N.A. v Carnivale, 138 AD3d at 1222; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 740). Defendants assert that plaintiff's unsatisfactory discovery responses deprived them of the opportunity to discover relevant facts that lie within the exclusive knowledge of plaintiff and, thus, mount an adequate defense to plaintiff's prima facie showing of standing. However, they provided only speculation and conjecture to support their allegation that the requested disclosure would raise an issue of fact as to plaintiff's actual physical possession of the note (see Chemical Bank v PIC Motors Corp., 58 NY2d 1023, 1026 [1983]; Bank of N.Y. Mellon v Cronin, 151 AD3d at 1507; Gersten-Hillman Agency, Inc. v Heyman, 68 AD3d 1284, 1288 [2009]). Accordingly, as defendants failed to raise a triable issue of fact in opposition to plaintiff's prima facie showing, Supreme Court properly awarded plaintiff judgment as a matter of law (see BAC Home Loans Servicing, LP v Uvino, 155 AD3d 1155, 1159 [2017]).
To the extent that any of defendants' arguments have not been addressed herein, they have been reviewed and determined to be without merit.
Garry, P.J., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the orders are affirmed, with costs.



Footnotes

Footnote 1: Defendants are also the defendants in another mortgage foreclosure action relating to a different property in the Town of Lake Luzerne, Warren County (Green Tree Servicing LLC v Bormann, ___ AD3d ___ [appeal No. 525133, decided herewith]).

Footnote 2: Johnson's affidavit indicates that the company that she works for, Ditech Financial LLC, was formerly known as Green Tree Servicing LLC. We are unpersuaded by defendants' assertion that Johnson's affidavit constitutes inadmissible hearsay and should not be considered (see CPLR 4518 [a]; Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312, 1313 [2017]; Citibank, NA v Abrams, 144 AD3d at 1215-1216; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739; HSBC Bank USA, N.A. v Sage, 112 AD3d 1126, 1127 [2013], lv dismissed 22 NY3d 1172 [2014]; lv dismissed 23 NY3d 1015 [2014]).