Archdiocese of N.Y. v Century Indem. Co. (2025 NY Slip Op 06385)

Archdiocese of N.Y. v Century Indem. Co.

2025 NY Slip Op 06385

Decided on November 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 20, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rosado, Hagler, JJ. 

Index No. 652825/23|Appeal No. 5217|Case No. 2025-03111|

[*1]The Archdiocese of New York et al., Plaintiffs-Respondents,
v
Century Indemnity Company, as Successor to CCI Insurance Company, etc., et al., Defendants-Appellants, AIU Insurance Company et al., Defendants.

O'Melveny & Myers LLP, New York (Anton Metlitsky of counsel), for appellants.
Blank Rome LLP, New York (Jared Zola of counsel), for respondents.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about May 7, 2025, which denied defendants Century Indemnity Company, Insurance Company of North America, Indemnity Insurance Company of North America, Great Northern Insurance Company, Westchester Fire Insurance Company, Pacific Employers Insurance Company, Federal Insurance Company, Illinois Union Insurance Company, and Vigilant Insurance Company's motion insofar as it sought to modify the decision of the Special Discovery Master (Rosalyn Richter, J.), dated February 25, 2025, which, insofar as relevant here, granted plaintiffs' motion to compel production of reinsurance agreements pursuant to CPLR 3101(f), unanimously affirmed, with costs.
Reinsurance agreements are subject to automatic disclosure under CPLR 3101(f). CPLR 3101(f)(1) applies broadly to "any insurance agreement," and a reinsurance agreement is a type of insurance agreement (see Global Reins. Corp. of Am. v Century Indem. Co., 30 NY3d 508, 512 [2017]; Matter of Union Indem. Ins. Co. of N.Y., 89 NY2d 94, 105-106 [1996]). If the legislature wished to exclude reinsurance agreements from CPLR 3101(f), it could have done so explicitly. The legislature's failure to add a straightforward exclusion when it amended CPLR 3101(f) in 2021 — after Clarendon Natl. Ins. Co. v Atlantic Risk Mgt., Inc. (59 AD3d 284, 286 [1st Dept 2009]) and Anderson v House of Good Samaritan Hosp. (1 AD3d 970, 971 [4th Dept 2003]) had already been decided — is strong evidence that it did not disagree with the conclusion of those courts that reinsurance agreements were included within the scope of CPLR 3101(f) (see e.g. Matter of Amorosi v S. Colonie Ind. Cent. School Dist., 9 NY3d 367, 373 [2007]; People v Robinson, 95 NY2d 179, 184 [2000]; People v Wood, 58 AD3d 242, 247-248 [1st Dept 2008], lv denied 12 NY3d 823 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 20, 2025