■ BRIAND PARENTEAU, INC., Respondent, v DEAN WITTER REYNOLDS, INC., et al., Appellants. [699 NYS2d 230] —Mikoll, J. P. Appeal from an order of the Supreme Court (Hughes, J.), entered August 28, 1998 in Albany County, which, *inter alia,* denied defendants' motion to compel plaintiff to comply with defendants' discovery demands.

Plaintiff commenced this action alleging that it was induced

by defendants' fraudulent and negligent misrepresentations to invest $105,000 in a mutual fund ill-suited to the investment objectives which Briand Parenteau, plaintiff's president, had previously communicated to defendants. After answering, defendants served discovery demands seeking, *inter alia*, personal and corporate income tax returns, as well as materials relating to other investment accounts or activities on the part of plaintiff or Parenteau individually. Plaintiff initially requested an extension of time to answer the discovery demands and registered a generalized protest to the relevance of Parenteau's personal income tax records, but did not otherwise formally object to the nature or scope of the demands. Eventually, plaintiff complied with all but five of defendants' requests. Defendants sought an order compelling production of the material in dispute and now appeal from Supreme Court's denial of their motion.

Defendants' threshold claim on appeal is that Supreme Court erred in addressing the merits of plaintiff's challenge to the discovery demands in view of its failure to timely object as required by CPLR 3122 (a). That section provides that a party objecting to disclosure sought pursuant to CPLR 3120 must serve a response particularizing the reasons for the objection within 20 days of service of the demand, failing which the objecting party may later resist the demand only upon grounds that it seeks privileged material or is palpably improper (*see, Greico v Albany Ambulette Serv.*, 232 AD2d 938, 939). While not expressly characterizing defendants' demand for income tax records as palpably improper, such a determination is implicit in Supreme Court's denial of the request for these documents based on their confidential nature and the court's finding that they were not relevant to the instant dispute (*see, Otto v Triangle Aviation Servs.*, 258 AD2d 448). Moreover, disclosure of income tax returns is disfavored without a strong showing that they contain information, unavailable from other sources, particularly germane to the matter in dispute (*see, Nanbar Realty Corp. v Pater Realty Co.*, 242 AD2d 208, 209-210; *Active Fire Sprinkler Corp. v American Home Assur. Co.*, 203 AD2d 218). Defendants' claim that the tax returns would reveal information relevant to Parenteau's financial circumstances, investment experience and sophistication level, key factors in determining his justifiable reliance on defendants' representations in the investment decision at issue, is insufficient to satisfy this heightened standard, particularly since they have neither alleged nor demonstrated that the information sought cannot be obtained through other means, e.g., deposition or trial testimony (*see, BRS&W Assocs. v Grace & Co.*, 156 AD2d 249).

As to the balance of the materials in dispute, Supreme Court's determination rests comfortably within the ambit of broad discretion enjoyed by trial courts in their administration of discovery matters (*see, Santiago v Pyramid Crossgates Co.*, 243 AD2d 955, 956; *see also, Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406; *Washburn v Lawrence & Co.*, 222 AD2d 878, 879; *BRS&W Assocs. v Grace & Co.*, *supra*, at 249).

Crew III, Yesawich Jr., Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.