■ PETER G. CAFFERTY et al., Respondents, v THOMAS, COLLISON & PLACE et al., Appellants, et al., Defendant. (And Two Third-Party Actions.) [723 NYS2d 722] —Lahtinen, J. Appeals (1) from that part of an order of the Supreme Court (Monserrate, J.), entered July 28, 1999 in Broome County, which, *inter alia*, granted plaintiffs' motion for a default judgment against defen-

dant Richard F. Place, and (2) from that part of an order of said court, entered December 14, 1999 in Broome County, which denied certain defendants' motion for leave to renew plaintiffs' motion for a default judgment.

In March 1997, plaintiffs commenced a legal malpractice action (hereinafter action No. 1) against defendant Richard F. Place, his former legal partnership, defendant Thomas, Collison & Place, and a successor legal partnership, defendant Thomas, Collison & Meagher (hereinafter collectively referred to as defendants). Defendants appeared, answered and commenced a third-party action against plaintiffs' then-attorney and a number of his former attorneys. Due to jurisdictional and Statute of Limitations concerns, plaintiffs commenced a second action (hereinafter action No. 2) seeking the same relief against the same defendants and adding an additional malpractice claim against another former attorney. Defendants moved to dismiss action No. 2 resulting in an order dismissing action No. 1 and consolidating the third-party action commenced in action No. 1 with action No. 2.

Various procedural difficulties, not relevant to this appeal, followed and in March 1999 plaintiffs' present attorney served defendants' attorneys with a notice to take the oral deposition of Place on April 26, 1999. Place could not be located by his attorneys and did not appear. Attempts to reschedule Place's deposition for June 1999 were again thwarted by the failure of defendants' counsel to locate Place, prompting plaintiffs' CPLR 3126 motion for, *inter alia*, a default judgment. Supreme Court granted plaintiffs' motion for a default judgment, finding that Place's "repeated failures to appear for deposition, as well as his failure to communicate even with his own attorneys, indicates willful behavior indicative of lack of intent to defend the action." About two weeks after Supreme Court's order granting the default judgment, Place was located and agreed to appear for his deposition and cooperate in the defense of the primary action. A subsequent motion by defendant for leave to renew plaintiffs' motion for a default judgment or, alternatively, to vacate the default judgment was denied. Defendants appeal from both orders.

In order to invoke the drastic remedy of granting a default judgment against a party on a motion made pursuant to CPLR 3126, the moving party must make a clear showing of willfulness or bad faith (*see, Shapiro v Rose Textiles Indus.*, 195 AD2d 935, 935-936). We are of the opinion that plaintiffs have sustained their burden in this regard and affirm the orders of Supreme Court.

Plaintiffs' CPLR 3126 motion was supported by the affidavit of plaintiffs' counsel which contained unrefuted allegations that Place "is failing to maintain contact with his attorneys" and such "breach of his duty to remain in contact with his attorneys" should not be excused since he once "practiced law with success and local acclaim." The affidavit was critical of the efforts of Place's counsel to locate him and was supported by numerous exhibits attached thereto which provided support for plaintiffs' allegations.

Turning to the disclosure sanctions provided by CPLR 3126, we note that "[t]he law is settled that an action should, if at all possible, be resolved on the merits and that the drastic remedy of [granting a default judgment] is appropriate only where the moving party conclusively demonstrates that the nondisclosure was willful, contumacious or due to bad faith" (*Remuneration Planning & Servs. Corp. v Berg & Brown*, 151 AD2d 268, 269; *see, McGilvery v New York City Tr. Auth.*, 213 AD2d 322, 324; *Shapiro v Rose Textiles Indus.*, *supra*, at 935; *Sunshine v Danbury*, 181 AD2d 961, 963). As we have recently held, however, "the type and degree of sanction will be left to the discretionary authority of the trial court which will remain undisturbed absent an abuse thereof" (*Osterhoudt v Wal-Mart Stores*, 273 AD2d 673, 674), and dismissal of a party's pleading may be warranted where a party's conduct "frustrates the disclosure scheme" of the CPLR (*see, e.g., Zletz v Wetanson*, 67 NY2d 711, 713).

On this record, we find plaintiffs' submissions on their motion made pursuant to CPLR 3126 sufficient to demonstrate that Place's failure to appear in response to the notice to take his deposition served on his attorneys was willful, contumacious or due to bad faith and, accordingly, conclude that Supreme Court did not abuse its discretion in granting plaintiffs' motion for a default judgment against Place (*see, Osterhoudt v Wal-Mart Stores, supra*).

Similarly, we find no abuse of discretion in Supreme Court's denial of defendants' motion to renew plaintiffs' motion for a default judgment brought on numerous grounds. Place's mere assertion that he had no knowledge of this action until after the original order had been entered and that he now wishes to participate in this litigation, and the fact that Place and his attorneys have now communicated with each other, do not, on this record, provide a sufficient basis to disturb Supreme Court's order (*see, Maines Paper & Food Serv. v Farmington Foods*, 233 AD2d 595, 596).

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the orders are affirmed, with costs.