■ LISA M. O'BRIEN, Individually and as Administrator of the Estate of RUDOLPH C. O'BRIEN, Deceased, Respondent, v CLARK EQUIPMENT COMPANY, Appellant, THOMPSON & JOHNSON EQUIPMENT COMPANY, INC., Respondent, and CLARK MATERIAL HANDLING COMPANY, Defendant and Third-Party Plaintiff-Appellant. DJ WHOLESALE BUILDING MATERIALS DISTRIBUTORS, INC., Third-Party Defendant-Respondent. [807 NYS2d 703]—

Rose, J. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered February 15, 2005 in Albany County, which partially granted plaintiff's motion to strike certain defendants' pleadings.

When plaintiff's decedent dismounted and stood behind the forklift that he had been operating, it allegedly shifted itself into reverse and killed him by pinning him against a truck. In July 1996, plaintiff commenced this action against, among others, defendant Clark Equipment Company, which had manufactured the forklift, and its successor, defendant Clark Material Handling Company (hereinafter collectively referred to as defendants), to recover damages for decedent's injuries and

death, alleging that the accident had resulted from a design or manufacturing defect in the forklift's transmission. In December 1996, plaintiff first demanded disclosure of all accident reports in defendants' possession relating to similar models of the forklift. In response, defendants stated that they could find no reports for the model that decedent had used and objected to producing reports for similar models. In February 1998, plaintiff refined the demand to request accident reports relating to similarly powered forklifts left unattended which had then run over or injured the operator or a bystander. Based on what had been disclosed in another similar lawsuit, plaintiff expected her demand to elicit hundreds of reports.

Over the next four years, defendants repeatedly refused to provide the requested accident reports. Only in December 2002, in response to plaintiff's first motion to compel disclosure, did defendants reveal that all pre-1985 accident reports had been destroyed in the fall of 1998, after receipt of both discovery demands and while the reports were in the custody of a nonparty. Later, in response to Supreme Court's first disclosure order, defendants denied having retained any relevant reports, but did identify out-of-state court cases involving similar fact patterns. In August 2003, Supreme Court ordered defendants to disclose all reports, records and memoranda in those cases. Defendants never did so.

In December 2003, plaintiff again moved to compel disclosure and also requested sanctions pursuant to CPLR 3126 for defendants' failure to comply with Supreme Court's orders. Supreme Court denied plaintiff's motion for sanctions without prejudice to renewal after completion of the depositions of the persons who had searched for and held custody of the relevant records. In September 2004, based on the deposition testimonies, plaintiff renewed her motion to strike defendants' pleadings for nondisclosure and spoliation of evidence. After a thorough and carefully considered review of defendants' conduct and relationship to the custodian of the accident reports, Supreme Court found that defendants had willfully permitted their destruction despite knowing of plaintiff's demands, and later allowed other accident reports and litigation records to be destroyed without reviewing them for relevancy. The court also found that defendants' failure to produce a 1990 summary report until October 2004 violated its disclosure orders, particularly since their counsel had denied the existence of such a report in January 2004. The court granted plaintiff's motion, precluded defendants from controverting either the existence of a transmission defect in decedent's forklift or their prior notice of that

defect, and awarded plaintiff counsel fees, costs and expenses. Defendants appeal.

Supreme Court has discretion to impose sanctions—including striking a party's pleading—for the willful failure to disclose evidence and, absent a clear abuse of that discretion, the sanctions imposed will not be disturbed on appeal (*see* CPLR 3126; *Appler v Riverview Obstetrics & Gynecology, P.C.*, 9 AD3d 577, 578 [2004]; *Cippitelli v County of Schenectady*, 284 AD2d 823, 825 [2001], *lv denied* 97 NY2d 606 [2001]; *Cafferty v Thomas, Collison & Place*, 282 AD2d 959, 961 [2001]). Here, the record shows that plaintiff twice demanded accident reports involving malfunctioning forklifts and, for more than four years thereafter, defendants willfully failed to disclose the reports, permitted them to be destroyed and failed to reveal their destruction. For nearly two additional years, defendants failed to produce the records that were then in existence and only gradually revealed that additional copies of the reports had been discarded. Although defendants contend that there was no bad-faith destruction of the accident reports because they had deemed them to be unresponsive to plaintiff's second discovery demand and the reports were destroyed by a nonparty, Supreme Court had ample grounds for finding that the reports would have been responsive to the demands made by plaintiff and defendants were responsible for their loss (*see DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 52 [1998]). Defendants' prolonged willful refusal to disclose, failure to offer any reasonable excuse for the refusal, destruction of the reports and other records, and concealment of their destruction throughout the pendency of this action provide a clear basis for the sanctions that were imposed (*see e.g. Cavanaugh v Russell Sage Coll.*, 4 AD3d 660, 660-661 [2004]).

Crew III, J.P., Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.