■ ERNIE OTTO CORPORATION, Appellant, v INLAND SOUTHEAST THOMPSON MONTICELLO, LLC, Defendant, and KIM HINE, Doing Business as KIM's GIFTS and KIM's MOUNTAIN GIFT CORPORATION, Respondent. [863 NYS2d 95]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (Sackett, J.), entered May 16, 2007 in Sullivan County, which granted defendant Kim Hine's motion to compel plaintiff to comply with a discovery demand, and (2) from an order of said court, entered December 29, 2007 in Sullivan County, which, among other things, granted said defendant's motion to strike the complaint and plaintiff's reply to her counterclaims.

Pertinent background concerning the instant dispute is set forth in a prior decision of this Court and will not be repeated

at length (28 AD3d 911 [2006]). Briefly, plaintiff, a mall tenant which operates a greeting card store, commenced this action against the mall owner and another tenant, Kim's Mountain Gift Corporation, which operates a gift store, alleging breach of a restrictive covenant with the mall owner and seeking injunctive and monetary relief. Kim's counterclaimed for unfair competition, infringement of common-law trademark and tortious interference with business relations.

Pertinent to the instant appeal, the record reveals that plaintiff failed to oppose or otherwise object to the initial discovery demands of Kim's within a timely manner (see CPLR 3122 [a]). Thereafter, on April 18, 2006, a discovery order was entered pursuant to which the parties agreed that all discovery would be completed by September 29, 2006. In December 2006, Kim's made a motion to compel plaintiff's compliance with certain outstanding discovery requests. It alternatively requested an order pursuant to CPLR 3126 as a penalty for the failure to comply. Plaintiff opposed the motion arguing that it provided appropriate responses to most requests and objected to other requests as being overly broad or calling for the production of privileged and/or confidential information. Plaintiff also argued that a September 2006 decision pertaining to a discovery dispute between itself and the mall owner was instructive in deciding this dispute.

In May 2007, Supreme Court issued an order finding that Kim's was entitled to all requested documents and directing plaintiff to comply within 20 days. The court was particularly unpersuaded that the prior discovery order was dispositive. Plaintiff failed to comply with the directive in the May 2007 order.

Thereafter, during a June 26, 2007 conference, counsel for Kim's agreed to forgo making a motion to strike the pleadings if plaintiff complied with the outstanding discovery within 10 days. Plaintiff's failure to do so prompted an August 2007 motion to strike. Plaintiff opposed and, for the first time, sought a stay of the May 2007 order. In December 2007, Supreme Court found that plaintiff's dilatory tactics, evasive conduct and pattern of noncompliance gave rise to an inference of willful and contumacious conduct. The court thus ordered dismissal of the complaint as against Kim's (and dismissal of plaintiff's reply to the counterclaims of Kim's) if plaintiff failed to comply with all discovery demands within 20 days of its entry. Plaintiff, having apparently failed to comply, now appeals from the May 2007 and December 2007 orders.

The essence of plaintiff's argument on appeal is that the May

2007 order compelling discovery violated the "law of the case" doctrine because Supreme Court had previously issued the September 2006 order denying certain discovery requests to the mall owner. We are unpersuaded. Kim's was not involved in the prior discovery dispute between plaintiff and the mall owner and thus that decision did not become law of the case as between itself and plaintiff (*see generally People v Evans*, 94 NY2d 499, 502-504 [2000]).

It is well settled that "Supreme Court has discretion to impose sanctions—including striking a party's pleading—for the willful failure to disclose evidence and, absent a clear abuse of that discretion, the sanctions imposed will not be disturbed on appeal" (*O'Brien v Clark Equip. Co.*, 25 AD3d 958, 960 [2006]; *see Myers v Community Gen. Hosp. of Sullivan County*, 51 AD3d 1359, 1360 [2008]). Here, the record clearly demonstrates that plaintiff repeatedly disobeyed court orders, evaded disclosure and frustrated the disclosure process (*see Zletz v Wetanson*, 67 NY2d 711, 713 [1986]). Moreover, its willfulness may be inferred (*see Myers v Community Gen. Hosp. of Sullivan County, supra*). Under these circumstances, we are unable to conclude that Supreme Court abused its discretion in striking the subject pleadings (*see* CPLR 3126 [3]; *Kihl v Pfeffer*, 94 NY2d 118, 123 [1999]).

Peters, J.P., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the orders are affirmed, with costs.