■ TERRY L. OLMSTED, Respondent, v PIZZA HUT OF AMERICA, INC., Appellant. [877 NYS2d 493]—

McCarthy, J. Appeal from an order of the Supreme Court (Garry, J.), entered February 22, 2008 in Madison County, which partially granted plaintiff's motion to strike defendant's answer.

In 1999, plaintiff received an electrical shock in the course of her employment with V & J National Enterprises, LLC, a franchise holder of a Pizza Hut restaurant in Madison County. The subject restaurant had been built in 1979. According to plaintiff, her injury resulted from the failure to install a water-resistant outlet, as required under the then existing national electrical code, coupled with a corrupted ground fault interrupter. Despite preaction discovery, plaintiff's counsel was unable to identify the party or parties responsible for installing this allegedly defective electrical system. Thus, in 2002, she commenced this action against defendant and two "John Doe" defendants (see CPLR 1024) seeking to recover for her injuries.

Some six years after this action was commenced, Supreme Court (Garry, J.) struck certain provisions of defendant's answer pursuant to CPLR 3126 for willful noncompliance with discovery. The stricken provisions resolved all issues of liability in plaintiff's favor. Defendant now appeals, arguing primarily that the record is devoid of any evidence that its conduct during the course of this litigation was willful, contumacious or in bad faith such that this drastic remedy was justified. We affirm.

From the onset of this litigation, discovery efforts were essentially twofold in nature, namely, plaintiff sought to identify and serve the unknown parties and also sought to identify and produce an employee of defendant with knowledge of the relevant events. By the fall of 2003, however, the litigation became complicated and delayed by the insolvency of defendant's insurer (which warranted intervention by the State Liquidation Bureau and the substitution of defense counsel) and a coverage dispute between the Bureau and V & J (which allegedly delayed substituted counsel's ability to take over the defense). Thus, between the fall of 2003 and April 2004, neither law firm involved in the matter apparently had authority to proceed with defendant's defense. All issues pertaining to coverage and counsel, however, were resolved by mid-April 2004.

Within a short time thereafter, defense counsel did provide in-

formation that permitted plaintiff to eventually ascertain the identity of the general contractor and an electrical contractor who had maintained the premises over the years. This information ultimately proved fruitless for plaintiff, albeit through no fault of defendant.* In the meantime, however, plaintiff's demand that defendant produce an employee with knowledge of the relevant events had not been met.

As to this separate issue, plaintiff's counsel made repeated requests between 2003 and 2007 for defendant to produce an employee for deposition. Specifically, on June 18, 2003, plaintiff served a notice to take the deposition of an employee of defendant "who possess[es] sufficient knowledge of the company's business affairs and/or the facts and circumstances of the within action." Two years later (i.e., on June 23, 2005), plaintiff's counsel reminded defense counsel that they "have not held depositions of anyone from [defendant]" and reiterated its request that "someone 'with knowledge' " be produced. On January 31, 2007, defense counsel was again reminded that they "have not yet deposed any one from [defendant]." At this time, plaintiff's counsel requested a conference, requested certain "equipment specifications for the franchises" and advised defense counsel that a motion to strike would be forthcoming if defendant did not produce someone to be deposed. On February 1, 2007, defense counsel advised Supreme Court (McDermott, J.) that "there is no one from [defendant's] corporate office 'with knowledge' . . . of the incident in question."

Following a conference in early March 2007, Supreme Court (McDermott, J.) issued an order directing defendant to provide plaintiff, by May 15, 2007, with the identity of past or present employees with personal knowledge of the building plans and specifications for all franchises constructed in 1979 (including the subject franchise) or to advise plaintiff's counsel in writing that no such employee can be identified. On March 21, 2007, defense counsel identified James Bradley as an employee with pertinent general knowledge from the past decade. Bradley was thus scheduled to be deposed. In the meantime (i.e., on August 20, 2007), plaintiff's counsel also served a notice to produce all franchise agreements for the subject restaurant between 1979 and 1999 and all correspondence regarding renovations and electrical work during the same time period.

---

* The action against the general contractor was discontinued in 2005 because that entity no longer existed, and plaintiff's attempt to amend the caption to substitute the electrical contractor was unsuccessful on an appeal to this Court (28 AD3d 855 [2006]). Thus, by April 2006, the case was proceeding against defendant alone.

As it turned out, Bradley was not employed by defendant but rather by V & J. This distinction was never disclosed. Rather, plaintiff's counsel proceeded with Bradley's deposition with the belief that he was employed by defendant. The inaccuracy of the employment information regarding Bradley was quickly discovered in the course of that deposition and, ultimately, Bradley had very little to offer on the issues involved in this litigation.

On August 29, 2007, plaintiff's counsel informed Supreme Court (McDermott, J.) of these most "recent events" and advised the court of plaintiff's intention to make "the appropriate motion." One day later, defense counsel, pursuant to the March 2007 order, notified plaintiff's counsel in writing that defendant was unable to locate a past or present employee, other than Bradley, with personal knowledge regarding the plans and specifications of any franchise during the relevant time period. To be sure, the May 15, 2007 court-ordered deadline for this information had long since passed and, as noted, Bradley was not an employee of defendant. All of these events, as well as defendant's failure to respond to the August 20, 2007 demand for documents, culminated in plaintiff's motion to strike defendant's answer.

As often reiterated by this Court, "Supreme Court has discretion to impose sanctions—including striking a party's pleading—for the willful failure to disclose evidence and, absent a clear abuse of that discretion, the sanctions imposed will not be disturbed on appeal" (*Ernie Otto Corp. v Inland Southeast Thompson Monticello, LLC*, 53 AD3d 924, 926 [2008], *lv dismissed* 11 NY3d 827 [2008] [internal quotation marks and citation omitted]; *see Doherty v Schuyler Hills, Inc.*, 55 AD3d 1174, 1176 [2008]). Here, the record supports the finding of Supreme Court (Garry, J.) that defendant willfully failed to comply with plaintiff's continued and repeated discovery demands (*see e.g. Doherty v Schuyler Hills, Inc.*, 55 AD3d at 1176; *Adamski v Schuyler Hosp., Inc.*, 36 AD3d 1198, 1199-1200 [2007]). To this end, we note that, throughout the course of the litigation, defendant was unable to produce a single corporate employee to provide personal knowledge (because of years of service) about construction projects during the subject time period, or to provide institutional knowledge of such projects (based on a review of corporate records) or to provide a suitable explanation as to why such information does not exist or cannot be ascertained. Furthermore, even if defendant's willfulness is not established due to its representations concerning Bradley's status, its willfulness may otherwise be inferred from its overall

pattern of noncompliance (*see Doherty v Schuyler Hills, Inc.*, 55 AD3d at 1176; *Ernie Otto Corp. v Inland Southeast Thompson Monticello, LLC*, 53 AD3d at 926; *Myers v Community Gen. Hosp. of Sullivan County*, 51 AD3d 1359, 1361 [2008]; *Cavanaugh v Russell Sage Coll.*, 4 AD3d 660, 661 [2004]), a pattern which no doubt frustrated the disclosure scheme of the CPLR (*see e.g. Zletz v Wetanson*, 67 NY2d 711, 713 [1986]; *Ernie Otto Corp. v Inland Southeast Thompson Monticello, LLC*, 53 AD3d at 926; *Cafferty v Thomas, Collison & Place*, 282 AD2d 959, 961 [2001]). Finally, given these facts, we are unable to conclude that the remedy fashioned was an abuse of discretion (*see* CPLR 3126 [3]; *see e.g. Adamski v Schuyler Hosp., Inc.*, 36 AD3d at 1200; *O'Brien v Clark Equip. Co.*, 25 AD3d 958, 960 [2006]; *Cavanaugh v Russell Sage Coll.*, 4 AD3d at 661).

We have examined defendant's remaining contentions and find them to be without merit.

Cardona, P.J., Mercure, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.