■ SATISH KUMAR, Respondent, v ARUNA KUMAR, Appellant. [881 NYS2d 518]—

Kavanagh, J. Appeal from an amended judgment of the Supreme Court (Seibert, Jr., J.), entered July 27, 2007 in Saratoga County, upon a decision of the court in favor of plaintiff.

Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were divorced by judgment entered January 9, 2001. The divorce judgment was entered upon the parties' stipulation regarding distribution of their marital property in which the parties purportedly identified all assets that were marital property and agreed to divide those assets equally. In the years that followed, both parties engaged in litigation over the distribution of the assets pursuant to their agreement.* The husband commenced this action in January 2004 and sought to set aside the stipulation alleging that, at the time the settlement agreement was entered, the wife had fraudulently concealed the existence of various bank accounts, individual retirement funds and the cash surrender value of numerous life insurance policies. He also sought an order directing the wife to distribute to him half of the value of those assets.

In the midst of discovery, the husband moved for an order precluding the wife from offering any evidence at trial based upon her failure to respond to the husband's discovery demands. Supreme Court granted a conditional preclusion order in July 2005 and, when the husband was still not satisfied with the content of the discovery provided by the wife, he renewed his application for an order of preclusion. Supreme Court granted the husband's motion by order entered March 27, 2007, and precluded the wife from "offering any evidence whatsoever in support of her position because of her willful failure to comply with the discovery demands." At the nonjury trial, and as a result of the preclusion order, the wife did not call any witnesses nor did she testify on her behalf. Following the trial, Supreme Court determined that the wife had fraudulently concealed the existence of bank accounts, and concluded that the

---

* In 2001, the wife unsuccessfully moved to set aside the stipulation. That same year, the husband successfully moved for an order holding the wife in contempt for her failure to take steps to effectuate the distribution of property. The husband again moved to hold the wife in contempt in 2002, and Supreme Court ultimately granted the husband's motion.

funds in those accounts, as well as the balance of individual retirement accounts in the wife's name and the cash surrender value of the life insurance policies, were marital property and, as such, subject to equitable distribution. The court declined to set aside the stipulation, but ordered that the funds in the various accounts be equally divided between the parties and directed the wife to pay counsel fees as well as interest on the balance of the funds in those accounts from August 30, 2000. The wife now appeals.

We initially turn to Supreme Court's order precluding the wife from offering any evidence at trial. "CPLR 3126 authorizes the court to fashion an appropriate remedy, the nature and degree of which is a matter committed to the court's sound discretion. The penalty imposed will not be disturbed absent a clear abuse of the court's discretion" (*Myers v Community Gen. Hosp. of Sullivan County*, 51 AD3d 1359, 1360 [2008] [citations omitted]; *see Hesse Constr., LLC v Fisher*, 61 AD3d 1143, 1144 [2009]; *Greaves v Burlingame*, 12 AD3d 730, 731 [2004], *lv dismissed and denied* 5 NY3d 741 [2005], *lv dismissed* 5 NY3d 742 [2005]). However, the remedy of preclusion is "reserved for those instances where 'the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious' " (*Matter of Duma v Edgar*, 58 AD3d 1085, 1086 [2009], quoting *Maillard v Maillard*, 243 AD2d 448, 449 [1997]). An adverse inference may be drawn where a party has not made a "meaningful attempt to comply with disclosure and [has] an entirely inadequate excuse for such failure" (*Matter of Duma v Edgar*, 58 AD3d at 1086; *see Allen v Calleja*, 56 AD3d 497, 498 [2008]).

Here, Supreme Court failed to articulate any factual findings or conclusions that it might have reached in justifying its conclusion that the sanction of preclusion was warranted. In addition, our review of the record indicates that while the materials provided and the disclosures made by the wife during the discovery process were not entirely accurate or complete, the fact remains that she did provide more that 60 pages of documentation and specifically informed the husband's counsel that "[t]he balance of the demanded documents . . . simply are not in [the wife's] possession, either actual or constructive." With respect to those documents sought by the husband that the wife claims were not in her possession, her counsel offered "to cooperate in obtaining" them, and agreed to "provide authorizations bearing her signature" to facilitate their production and disclosure. While the husband complains that this response was inadequate and did not comply with the court's prior order, we are unable to conclude that it did not, under the

facts presented, constitute a meaningful attempt to respond to his demands. As such, imposing an order precluding the wife from offering any evidence on her behalf on this issue was a drastic sanction not warranted by the particular circumstances presented in this action (*see Brothers v Bunkoff Gen. Contrs.*, 296 AD2d 764, 765 [2002]).

Therefore, the order precluding the wife from offering any evidence at trial is reversed and, as a result, the amended judgment in the husband's favor must be vacated. The matter is remitted to Supreme Court for further proceedings, including additional discovery as it deems necessary to ensure that the parties have an adequate opportunity to obtain all of the information necessary to protect their interests at trial or to enter into an informed final disposition of this matter on the merits.

In light of the result reached herein, we need not reach the remaining issues raised by the wife challenging the amended judgment entered in the husband's favor.

Mercure, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the amended judgment is reversed, on the facts, without costs, plaintiff's motion for an order of preclusion denied, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.