■ VANETTEN OIL COMPANY, INC., Respondent, v EXOTIC FLORA & FAUNA, LTD., et al., Appellants. [912 NYS2d 148]—

Garry, J. Appeals (1) from an order of the Supreme Court (Sackett, J.), entered September 28, 2009 in Sullivan County,

which, among other things, granted plaintiff's motion to strike defendants' answer, and (2) from the judgment entered thereon.

Plaintiff commenced this action in July 2008 seeking to recover, among other things, the costs associated with furnishing and installing a new boiler for defendant Exotic Flora & Fauna, Ltd. in November 2007. Defendants answered, asserted various affirmative defenses and counterclaimed seeking, among other things, reimbursement for damages allegedly sustained to its premises when the original boiler malfunctioned.

In November 2008, plaintiff served a combined discovery demand and demand for a bill of particulars. When no response to either its initial demand or its subsequent 20-day demand was forthcoming, plaintiff moved to strike defendants' answer. Although plaintiff withdrew its motion upon receipt of a verified bill of particulars from defendants, Supreme Court, unaware of these events, issued an order conditionally striking defendants' answer. Deeming defendants' responses to be inadequate, plaintiff requested a compliance conference, as a result of which defendants stipulated to, insofar as is relevant to this appeal, providing an itemization of the damages claimed together with supporting documentation. When defendants failed to comply, plaintiff again moved to, among other things, strike the answer and obtain a default judgment. Supreme Court granted plaintiff's application to that extent and defendants now appeal.

We affirm. Preliminarily, we note that "[a]lthough characterized as a default judgment, relief granted under CPLR 3126 (3) is directly appealable because such an order is made on notice, thus enabling the defaulting party to contest the motion" (*Figiel v Met Food*, 48 AD3d 330 [2008]; *see M & C Bros., Inc. v Torum*, 75 AD3d 869, 870 [2010]). As defendants opposed the underlying motion, their appeal is properly before us.

Turning to the merits, "Supreme Court has discretion to impose sanctions—including striking a party's pleading—for the willful failure to disclose evidence and, absent a clear abuse of that discretion, the sanctions imposed will not be disturbed on appeal" (*Ernie Otto Corp. v Inland Southeast Thompson Monticello, LLC*, 53 AD3d 924, 926 [2008] [internal quotation marks and citation omitted], *lv dismissed* 11 NY3d 827 [2008]; *accord Olmsted v Pizza Hut of Am., Inc.*, 61 AD3d 1238, 1241 [2009]; *see Doherty v Schuyler Hills, Inc.*, 55 AD3d 1174, 1175-1176 [2008]; *Altu v Clark*, 20 AD3d 749, 750 [2005]). Willfulness, in turn, may be inferred from an overall pattern of noncompliance (*see Mazzuca v Warren P. Wielt Trust*, 59 AD3d 907, 908 [2009]; *Colley v Romas*, 50 AD3d 1338, 1339 [2008];

*Adamski v Schuyler Hosp., Inc.*, 36 AD3d 1198, 1199 [2007]). Here, despite being given ample opportunity to respond to plaintiff's demands—as evidenced by the prior motion to strike and resulting compliance conference and stipulated order—defendants nonetheless failed to respond in any meaningful way to plaintiff's requests and offered no cogent excuse for failing to do so. Under these circumstances, we cannot say that Supreme Court abused its discretion in granting plaintiff's motion to strike defendants' answer.

Rose, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the order and judgment are affirmed, with costs.