■ D.A. BENNETT LLC, Respondent, v NATALIE CARTZ, Defendant, and KERMIT HAYES, Appellant. [979 NYS2d 179]—

Garry, J.

In January 2005, pipes froze in a house owned by defendant Kermit Hayes (hereinafter defendant) in the City of Troy, Rensselaer County, causing flooding that allegedly destroyed his professional photography archive and business records.[1] According to defendant, this damage resulted from the failure of a new heating system that had recently been installed by plaintiff. In April 2005, plaintiff commenced this action alleging that defendant had failed to pay the balance due for the installation of the heating system, and defendant answered, asserting counterclaims for the destruction of his property. In January 2011, on the morning that trial was scheduled to commence, plaintiff moved pursuant to CPLR 3126 to preclude defendant from presenting any evidence of his past earnings and income as the result of his alleged failure to provide specified documents in the course of discovery. After oral argument, City Court granted plaintiff's application and precluded defendant from offering business records, his own testimony or expert testimony as to the value of the archive. Plaintiff then moved to dismiss the counterclaims on the ground that defendant could not prove damages, and the court granted the motion. County Court af-

---

**1.** The action has been discontinued against defendant Natalie Cartz.

firmed upon defendant's appeal, and defendant appeals to this Court.

A trial court is authorized by CPLR 3126 to fashion an appropriate remedy for a party's failure to cooperate with discovery, and the sanction imposed is not disturbed in the absence of a clear abuse of discretion (*see Matter of Scaccia*, 66 AD3d 1247, 1250 [2009]; *O'Brien v Clark Equip. Co.*, 25 AD3d 958, 960 [2006]). However, the remedy of preclusion is drastic, especially where, as here, it has the effect of preventing a party from asserting its claim (*see Vatel v City of New York*, 208 AD2d 524, 525 [1994]), and is therefore "reserved for those instances where the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (*Matter of Duma v Edgar*, 58 AD3d 1085, 1086 [2009] [internal quotation marks and citation omitted]; *accord Kumar v Kumar*, 63 AD3d 1246, 1248 [2009]; *see* CPLR 3126 [2]).

Here, plaintiff's application for preclusion was made orally, without notice to defendant, and was unsupported by affidavits, copies of discovery demands, the parties' disclosure-related correspondence or any other written documentation.[2] The history of the parties' discovery transactions can be discerned only from their appellate briefs and the transcript of argument in City Court. According to counsel's arguments, in March 2006, plaintiff demanded that defendant furnish contracts, proposals, receipts and other business records, and 25 years of tax returns. Defendant allegedly responded that most of these records had been destroyed by the flooding, and supplied the records that remained.[3] Plaintiff allegedly renewed its request at defendant's 2006 deposition and was again advised that defendant had supplied the records he possessed. It appears that the parties later exchanged expert reports, and plaintiff moved unsuccessfully for summary judgment. Other than the two requests in 2006, plaintiff did not specifically identify any further efforts to obtain records from defendant, nor does it appear that plaintiff ever moved to compel compliance with any outstanding demands prior to the filing of the note of issue and certificate of readiness (*see* 22 NYCRR 210.17). Defendant argues that discovery was essentially completed several years before trial, that plaintiff had been furnished with all of the documents that he possessed, and that he was "blindsided" when the preclusion

---

**2.** Although it appears that plaintiff submitted a written memorandum of law to City Court, this document was not included in the record.

**3.** Defendant alleges that these records consisted of about 100 invoices, proposals and receipts, 100 photographs, and an unsigned copy of a 2001 tax return.

motion was filed on the morning of trial without advance notice.[4]

The scant record does not permit a determination as to whether there has been an overall pattern of unexcused noncompliance from which an inference of willfulness can be drawn (*see Hesse Constr., LLC v Fisher*, 61 AD3d 1143, 1144 [2009]). It was plaintiff's burden as the party seeking relief pursuant to CPLR 3126 to establish willfulness or bad faith (*see Cafferty v Thomas, Collison & Place*, 282 AD2d 959, 960 [2001]; *Nabozny v Cappelletti*, 267 AD2d 623, 625 [1999]; *Shapiro v Rose Textiles Indus.*, 195 AD2d 935, 935-936 [1993]; *see also Jones v General Motors Corp.*, 287 AD2d 757, 759 [2001]). As that burden was not met, preclusion should not have been granted and defendant's counterclaims should not have been dismissed. Moreover, City Court made no finding of willfulness, but based the preclusion order instead upon the conclusion that the records that defendant sought to admit were "speculative," and thus unduly prejudicial—a determination that does not provide a basis for relief pursuant to CPLR 3126.[5]

Rose, J.P., and Lahtinen, J., concur.

McCarthy, J. (concurring in part and dissenting in part). I agree with the majority that City Court never made a finding of willfulness regarding defendant Kermit Hayes (hereinafter defendant) and that the scant record does not support an inference of willfulness regarding defendant's production of, or failure to produce, his business records. I reach a different

---

**4.** Plaintiff argues that the last minute application was necessitated by defendant's purported announcement several days before trial that he intended to submit certain records to demonstrate the value of the destroyed photographs. However, plaintiff acknowledges that these records had been turned over as part of defendant's original discovery response five years earlier, and fails to explain why this response and the 2006 expert report did not provide sufficient notice of defendant's valuation theories to enable a more timely motion on notice (*compare Fraracci v Lasouska*, 283 AD2d 735, 736 [2001]).

**5.** In light of the parties' apparent confusion regarding damages, and as the matter is being remitted, we note that the measure of damages is the fair market value of the archive at the time of destruction or, if none, its value to defendant (*see Swain v 383 W. Broadway Corp.*, 216 AD2d 38, 38-39 [1995]; 2-248 Warren's Negligence in New York Courts § 248-01 [2013]; 36 NY Jur 2d, Damages § 82). The fact that defendant maintained the archive as a private collection rather than marketing it for sale did not diminish its value (*see Nares v M & W Waterproofing*, 5 AD3d 155, 156 [2004], *lv dismissed* 3 NY3d 698 [2004]). Nor should the difficulty in ascertaining the specific extent of damages preclude recovery, particularly where, as here, the wrongdoer's conduct allegedly caused the uncertainty (*see Story Parchment Co. v Paterson Parchment Paper Co.*, 282 US 555, 562-563 [1931]; *Matter of Rothko*, 43 NY2d 305, 323 [1977]; 36 NY Jur Damages § 16).

conclusion, however, as to defendant's tax returns.[1] Therefore, I partially dissent.

If a party willfully fails to disclose information that should have been disclosed pursuant to CPLR article 31, the court may impose a sanction for that disclosure violation (see CPLR 3126). Some permitted sanctions include orders precluding the party from producing certain items of evidence or precluding any proof on a particular issue (see CPLR 3126 [2]). The trial court has the authority to fashion the appropriate remedy, and the sanction imposed will not be disturbed absent a clear abuse of discretion (see VanEtten Oil Co., Inc. v Exotic Flora & Fauna, Ltd., 78 AD3d 1438, 1439 [2010]; Matter of Scaccia, 66 AD3d 1247, 1250 [2009]).

While disclosure of tax returns is disfavored, and a demand for 25 years of tax returns may have been overly burdensome, defendant was required to raise any objections to disclosure within 20 days of service of the notice (see CPLR 3122). He cannot wait for years to raise some of these arguments on appeal. As he did not raise a timely objection, defendant could only resist the demand, or defend his failure to comply, on the ground that the demand "seeks privileged material or is palpably improper" (Briand Parenteau, Inc. v Dean Witter Reynolds, 267 AD2d 576, 577 [1999]; see Murphy v Hamilton, 90 AD3d 1294, 1295 [2011]; Saratoga Harness Racing v Roemer, 274 AD2d 887, 889 [2000]).

Although they are confidential (see Briand Parenteau, Inc. v Dean Witter Reynolds, 267 AD2d at 577), tax returns are not privileged. A request for tax returns is not palpably improper, but disclosure of them is disfavored unless they contain relevant information that is not available from other sources (see DG&A Mgt. Servs., LLC v Securities Indus. Assn. Compliance & Legal Div., 78 AD3d 1316, 1319 [2010]; compare Saratoga Harness Racing v Roemer, 274 AD2d at 889; Briand Parenteau, Inc. v Dean Witter Reynolds, 267 AD2d at 577). City Court recognized the relevance of defendant's income from his photography business to the valuation of his photography archives, and the information is not otherwise available due to the unfortunate destruction of most of defendant's business records. Thus, defendant cannot avoid his failure to object to the demands for his tax returns (see DG&A Mgt. Servs., LLC v Securities Indus. Assn. Compliance & Legal Div., 78 AD3d at 1319; compare Briand Parenteau, Inc. v Dean Witter Reynolds, 267 AD2d at 577).

---

1. Although the majority does not specifically discuss the tax returns, I believe that they deserve a separate discussion.

Not only did defendant fail to ever formally object to the disclosure demands in the face of repeated requests, but his counsel stated on the record that he recognized his obligation to produce the tax returns. Despite this acknowledgment, defendant produced only an unsigned draft copy of a return for one year. Although he asserts that his copies of the tax returns were destroyed when his basement was flooded, he made no effort to obtain copies of any of his tax returns from the Internal Revenue Service.[2] Considering defendant's acknowledgment of his obligation and his refusal to make any genuine effort to respond to the demand for tax returns, the record supports a finding that he willfully failed to comply with that demand (*see Hameroff & Sons, LLC v Plank, LLC*, 108 AD3d 908, 909-910 [2013]; *VanEtten Oil Co., Inc. v Exotic Flora & Fauna, Ltd.*, 78 AD3d at 1439-1440]). Accordingly, City Court did not abuse its discretion by precluding defendant from relying on his tax returns, annual income or any information that would have been included in the returns. Hence, I believe that, upon remittal, that information should be precluded.

Ordered that the order is reversed, on the law, without costs, and matter remitted to the Troy City Court for further proceedings not inconsistent with this Court's decision.