Garry, J.
In January 2005, pipes froze in a house owned by defendant Kermit Hayes (hereinafter defendant) in the City of Troy, Rensselaer County, causing flooding that allegedly destroyed his professional photography archive and business records.[1] According to defendant, this damage resulted from the failure of a new heating system that had recently been installed by plaintiff. In April 2005, plaintiff commenced this action alleging that defendant had failed to pay the balance due for the installation of the heating system, and defendant answered, asserting counterclaims for the destruction of his property. In January 2011, on the morning that trial was scheduled to commence, plaintiff moved pursuant to CPLR 3126 to preclude defendant from presenting any evidence of his past earnings and income as the result of his alleged failure to provide specified documents in the course of discovery. After oral argument, City Court granted plaintiffs application and precluded defendant from offering business records, his own testimony or expert testimony as to the value of the archive. Plaintiff then moved to dismiss the counterclaims on the ground that defendant could not prove damages, and the court granted the motion. County Court af *946 firmed upon defendant’s appeal, and defendant appeals to this Court.
A trial court is authorized by CPLR 3126 to fashion an appropriate remedy for a party’s failure to cooperate with discovery, and the sanction imposed is not disturbed in the absence of a clear abuse of discretion (see Matter of Scaccia, 66 AD3d 1247, 1250 [2009]; O’Brien v Clark Equip. Co., 25 AD3d 958, 960 [2006]). However, the remedy of preclusion is drastic, especially where, as here, it has the effect of preventing a party from asserting its claim (see Vatel v City of New York, 208 AD2d 524, 525 [1994]), and is therefore “reserved for those instances where the offending party’s lack of cooperation with disclosure was willful, deliberate, and contumacious” (Matter of Duma v Edgar, 58 AD3d 1085, 1086 [2009] [internal quotation marks and citation omitted]; accord Kumar v Kumar, 63 AD3d 1246, 1248 [2009]; see CPLR 3126 [2]).
Here, plaintiffs application for preclusion was made orally, without notice to defendant, and was unsupported by affidavits, copies of discovery demands, the parties’ disclosure-related correspondence or any other written documentation.[2] The history of the parties’ discovery transactions can be discerned only from their appellate briefs and the transcript of argument in City Court. According to counsel’s arguments, in March 2006, plaintiff demanded that defendant furnish contracts, proposals, receipts and other business records, and 25 years of tax returns. Defendant allegedly responded that most of these records had been destroyed by the flooding, and supplied the records that remained.[3] Plaintiff allegedly renewed its request at defendant’s 2006 deposition and was again advised that defendant had supplied the records he possessed. It appears that the parties later exchanged expert reports, and plaintiff moved unsuccessfully for summary judgment. Other than the two requests in 2006, plaintiff did not specifically identify any further efforts to obtain records from defendant, nor does it appear that plaintiff ever moved to compel compliance with any outstanding demands prior to the filing of the note of issue and certificate of readiness (see 22 NYCRR 210.17). Defendant argues that discovery was essentially completed several years before trial, that plaintiff had been furnished with all of the documents that he possessed, and that he was “blindsided” when the preclusion *947 motion was filed on the morning of trial without advance notice.[4]
The scant record does not permit a determination as to whether there has been an overall pattern of unexcused noncompliance from which an inference of willfulness can be drawn (see Hesse Constr., LLC v Fisher, 61 AD3d 1143, 1144 [2009]). It was plaintiffs burden as the party seeking relief pursuant to CPLR 3126 to establish willfulness or bad faith (see Cafferty v Thomas, Collison & Place, 282 AD2d 959, 960 [2001]; Nabozny v Cappelletti, 267 AD2d 623, 625 [1999]; Shapiro v Rose Textiles Indus., 195 AD2d 935, 935-936 [1993]; see also Jones v General Motors Corp., 287 AD2d 757, 759 [2001]). As that burden was not met, preclusion should not have been granted and defendant’s counterclaims should not have been dismissed. Moreover, City Court made no finding of willfulness, but based the preclusion order instead upon the conclusion that the records that defendant sought to admit were “speculative,” and thus unduly prejudicial — a determination that does not provide a basis for relief pursuant to CPLR 3126.[5]
Rose, J.P, and Lahtinen, J., concur.

. The action has been discontinued against defendant Natalie Cartz.

. Although it appears that plaintiff submitted a written memorandum of law to City Court, this document was not included in the record.

. Defendant alleges that these records consisted of about 100 invoices, proposals and receipts, 100 photographs, and an unsigned copy of a 2001 tax return.

. Plaintiff argues that the last minute application was necessitated by defendant’s purported announcement several days before trial that he intended to submit certain records to demonstrate the value of the destroyed photographs. However, plaintiff acknowledges that these records had been turned over as part of defendant’s original discovery response five years earlier, and fails to explain why this response and the 2006 expert report did not provide sufficient notice of defendant’s valuation theories to enable a more timely motion on notice (compare Fraracci v Lasouska, 283 AD2d 735, 736 [2001]).

. In light of the parties’ apparent confusion regarding damages, and as the matter is being remitted, we note that the measure of damages is the fair market value of the archive at the time of destruction or, if none, its value to defendant (see Swain v 383 W. Broadway Corp., 216 AD2d 38, 38-39 [1995]; 2-248 Warren’s Negligence in New York Courts § 248-01 [2013]; 36 NY Jur 2d, Damages § 82). The fact that defendant maintained the archive as a private collection rather than marketing it for sale did not diminish its value (see Nares v M & W Waterproofing, 5 AD3d 155, 156 [2004], lv dismissed 3 NY3d 698 [2004]). Nor should the difficulty in ascertaining the specific extent of damages preclude recovery, particularly where, as here, the wrongdoer’s conduct allegedly caused the uncertainty (see Story Parchment Co. v Paterson Parchment Paper Co., 282 US 555, 562-563 [1931]; Matter of Rothko, 43 NY2d 305, 323 [1977]; 36 NY Jur Damages § 16).