## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 11, 2014            518146
_____

BDS COPY INKS, INC., et al.,
                    Appellants,

            v                                MEMORANDUM AND ORDER

INTERNATIONAL PAPER et al.,
                    Respondents.
_____

Calendar Date:  October 10, 2014

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Hinman Straub, PC, Albany (Jennie J. Shufelt of counsel),
for appellants.

        Hodgson Russ, LLP, Albany (Noreen DeWire Grimmick of
counsel), for respondents.

_____

Lynch, J.

        Appeal from an order of the Supreme Court (Platkin, J.),
entered March 12, 2013 in Albany County, which granted
defendants' motion to, among other things, strike plaintiffs'
complaint.

        In September 2009, plaintiffs commenced this action to
recover for damages suffered after they lost the opportunity to
perform certain printing and copying services for the state.
According to plaintiffs, they submitted a bid in October 2007
based on the price of certain paper that defendants represented
complied with the bid's specification for the paper's recycled
content.  The state determined that the paper did not comply and
rejected plaintiffs' bid.  When the state reopened the bidding,
plaintiffs asked defendants to provide conforming paper at a

discount; defendants refused and the state awarded the contract to another entity. By their complaint, plaintiffs allege damages in the form of lost profits in the amount of $750,000.

In June 2010, defendants served combined discovery demands seeking "copies of any documents which reflect any loss of income . . . due to the allegations in the [c]omplaint." In September 2010, plaintiffs served a verified bill of particulars claiming damages in the amount of $1,500,000, characterized as the "profits that the plaintiffs would have made" if it had been awarded the 2007 state contract.[1] As for the requested documents, plaintiffs stated that "any documents which reflect any loss of income to plaintiff[s]" were to be provided. In December 2010, defendants demanded plaintiffs' tax returns and "[c]opies of any documents pertaining to revenues received by [plaintiffs], including, but not limited to, invoices, cancelled checks, payment records, balance sheets and ledgers for the years 2002 to present." In response, plaintiffs provided some, but not all, of the requested tax returns and a spreadsheet that purported to summarize annual sales for 2002 to 2009. In November 2011, plaintiffs' counsel wrote to defendants to invite their counsel to review "two or three pallets of documents that fall within the demand of the defendants." Defendants did not undertake the offered review and, in February 2012, defendants moved to strike plaintiffs' complaint (see CPLR 3126 [3]) based on its failure to provide the supporting documentation. In response, and in an apparent attempt to resolve the issue, defendants agreed to withdraw the motion and to depose plaintiffs' principal, Jason Maltz. Plaintiffs also delivered three banker's boxes of documents to defendants' counsel "to see if the samples satisfy [defendants'] [d]iscovery demands." Defendants served a notice to produce with their notice of deposition, but Maltz did not bring any supporting documentation with him to the deposition. During the deposition, when asked

---

[1] In March 2011, plaintiffs served an amended bill of particulars explaining that they lost profits of at least $750,000 when its low bid was rejected and an additional $750,000 for "money [plaintiffs] had to spend to cover costs that would have been covered by the gross receipts over two years."

whether there were any documents to support plaintiffs' damage claims, Maltz again invited counsel to review the banker's boxes in the warehouse.  In July 2012, after the deposition, defendants served a specific demand requesting, as relevant here, the documentation supporting plaintiffs' damages claims.  Plaintiffs did not respond and defendants moved to strike plaintiffs' complaint.  Supreme Court granted the motion and this appeal ensued.

Where a trial court determines that a party has failed to comply with its discovery obligations, it has broad discretion to remedy the violation (see CPLR 3126), "and the sanction imposed is not disturbed in the absence of a clear abuse of discretion" (D.A. Bennett LLC v Cartz, 113 AD3d 945, 946 [2014]; see Hameroff & Sons, LLC v Plank, LLC, 108 AD3d 908, 909 [2013]).  Because "the remedy of preclusion is drastic, especially where, as here, it has the effect of preventing a party from asserting its claim, [it is] reserved for those instances where the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (D.A. Bennett LLC v Cartz, 113 AD3d at 946 [internal quotation marks and citations omitted]).

In our view, Supreme Court did not abuse its discretion by striking plaintiffs' complaint.  The record confirms that from June 2010 until February 2012 the court met with counsel at least six times and issued at least two orders extending plaintiffs' time to comply with their discovery obligations.  During this time, the primary issue was the adequacy of plaintiffs' response.  Although plaintiffs now claim that defendants' document demand was overly broad, no objection to the demand was ever made (see CPLR 3122 [a]).  Rather, plaintiffs maintained that responsive documents would be found if defendants searched through the 60 to 80 banker's boxes stored in a warehouse.  Plaintiffs remained steadfast with this response even after the court made it clear, following defendants' first motion, that the court did not consider this to be reasonable compliance with plaintiffs' discovery obligations.

We recognize that plaintiffs provided certain documents and that Maltz appeared at a deposition.  This limited cooperation does not necessarily preclude a finding of willful and

contumacious behavior (see Ernie Otto Corp. v Inland Southeast Thompson Monticello, LLC, 53 AD3d 924, 925 [2008], lv dismissed 11 NY3d 827 [2008]). Plaintiffs had the burden to prove damages and defendants were entitled to review documents supporting the damages claim prior to trial. Notably, plaintiffs were able to create and provide annual sales summaries, but never provided the documents that were used to calculate the sales figures. The record confirms that despite Supreme Court's frequent intervention and direction to produce the documents in a more organized fashion, plaintiffs continued to insist that their offer to have defendants sift through 60 to 80 boxes of miscellaneous business records was adequate. Indeed, plaintiffs refused to respond otherwise even after defendants narrowed their document request following Maltz's deposition. Even if, as plaintiffs claim, Supreme Court overlooked Maltz's affidavit in opposition to defendants' motion, it is of no moment. Maltz did not offer to organize the documents (compare State of New York v Sand & Stone Assoc., 282 AD2d 954, 955 [2001]). Rather, though he makes no claim that he went to the warehouse to inspect the documents held in the "likely . . . well over 60 . . . [or] could be up to, or more than, 80 . . . boxes," he continued to maintain that each document in each of the unspecified number of boxes was responsive to defendants' demand.

In our view, the record demonstrates "[a] pattern of noncompliance" sufficient to support Supreme Court's finding that plaintiffs' conduct was willful (Hameroff & Sons, LLC v Plank, LLC, 108 AD3d at 909). Under the circumstances, we thus conclude that the court did not abuse its discretion in granting defendants' motion and striking plaintiffs' complaint.

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court