U.S. Bank Natl. Assn. v Harrington (2018 NY Slip Op 02688)





U.S. Bank Natl. Assn. v Harrington


2018 NY Slip Op 02688


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

524321

[*1]U.S. BANK NATIONAL ASSOCIATION, as Trustee for PROF-2013-M4 REMIC TRUST VI Appellant,
v
AMY L. HARRINGTON et al., Respondents, et al., Defendants.

Calendar Date: February 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


Knuckles, Komosinski & Manfro, LLP, Elmsford (Michel Lee of counsel), for appellant.
Harlem & Jervis, Oneonta (Eric V. Jervis of counsel), for respondents.


Clark, J.

MEMORANDUM AND ORDER
Appeals (1) from an order of the Supreme Court (Coccoma, J.), entered July 27, 2016 in Otsego County, which, among other things, denied plaintiff's motion for summary judgment, and (2) from an order of said court, entered November 1, 2016 in Otsego County, which, among other things, granted a motion by defendants Amy L. Harrington and Kevin J. Harrington to strike the complaint.
In October 2007, defendants Amy L. Harrington and Kevin J. Harrington (hereinafter collectively referred to as defendants)
executed a note in favor of First Horizon Home Loans, secured by a mortgage on real property located in the City of Oneonta, Otsego County. For recording purposes, the mortgage names Mortgage Electronic Registration Systems Inc. as nominee and mortgagee. Subsequent assignments of the mortgage resulted in plaintiff acquiring possession of that mortgage in July 2015.
In December 2014, plaintiff commenced this foreclosure action claiming that defendants failed to pay the monthly installments as of June 1, 2009. Disputing this allegation, defendants answered, asserting, among other things, that they had opted into a biweekly payment plan and that plaintiff and/or its predecessors in interest had subsequently failed to account for, or [*2]misapplied, defendants' payments. After attempts to resolve the alleged continued misapplication of payments were unsuccessful, defendants ceased making payments in or about March 2011, although at some point thereafter defendants resumed making their payments. In January 2015, defendants served an omnibus discovery demand seeking from plaintiff a complete accounting and payment history. Plaintiff thereafter moved for summary judgment. In July 2016, Supreme Court denied plaintiff's motion for summary judgment and ordered plaintiff to respond to defendants' omnibus discovery demands within 30 days. In August 2016, plaintiff responded to the discovery demand stating, in relevant part, that it was not in possession of certain requested payment history statements from its predecessors and that said statements were either irrelevant or nonexistent. Viewing plaintiff's discovery response as inadequate, defendants moved to strike the complaint pursuant to CPLR 3126. In November 2016, Supreme Court granted defendant's motion to strike and dismissed plaintiff's complaint without prejudice. Plaintiff now appeals from the July 2016 order denying its motion for summary judgment and the November 2016 order striking the complaint.
Plaintiff contends that Supreme Court abused its discretion in granting defendants' motion to strike and dismissing plaintiff's complaint without prejudice. We disagree. "'Where a trial court determines that a party has failed to comply with its discovery obligations, it has broad discretion to remedy the violation'" (Citibank, N.A. v Bravo, 140 AD3d 1434, 1435 [2016], quoting BDS Copy Inks, Inc. v International Paper, 123 AD3d 1255, 1256 [2014]). With regard to the question of whether a party "wil[l]fully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126), "[a]n adverse inference may be drawn where a party has not made a 'meaningful attempt to comply with disclosure and [has] an entirely inadequate excuse for such failure'" (Kumar v Kumar, 63 AD3d 1246, 1248 [2009], quoting Matter of Duma v Edgar, 58 AD3d 1085, 1086 [2009]). The penalty imposed, which may include "striking out pleadings or parts thereof" (CPLR 3126 [3]), will not be disturbed on appeal absent a clear abuse of the court's discretion — "even if the sanction is dismissal of the underlying complaint" (Myers v Community Gen. Hosp. of Sullivan County, 51 AD3d 1359, 1360 [2008]; see Kim v A. Johnson Plumbing & Heating, Inc., 148 AD3d 1312, 1313 [2017]; Ernie Otto Corp. v Inland Southeast Thompson Monticello, LLC, 53 AD3d 924, 926 [2008], lv dismissed 11 NY3d 827 [2008]; O'Brien v Clark Equip. Co., 25 AD3d 958, 960 [2006]).[FN1]
Defendants served plaintiff with their omnibus discovery demands on January 12, 2015, wherein they sought a complete copy of their payment history relative to the mortgage note, the original mortgage note, all assignments of the mortgage note, a complete copy of any check or money order tendered by them and a copy of their escrow account history. After no response from plaintiff was forthcoming, defendants, in an October 2015 letter, requested that plaintiff respond to their discovery demands within seven days. Plaintiff's silence continued for another eight months until July 26, 2016 when Supreme Court ordered plaintiff to respond to the discovery demands within 30 days. On August 25, 2016, plaintiff responded and provided defendants with, as relevant here, a portion of their payment history, from August 2015 to August 2016, which postdates the complaint and which is not in dispute. With respect to the contested payment history that defendants requested, plaintiff stated that it was not in possession of that information. At no point during the 18 months that plaintiff failed to respond to the discovery demands did plaintiff object to the discovery request, offer any excuse or explanation for its noncompliance and delay or offer a response of any kind (see Hameroff & Sons, LLC v Plank, LLC, 108 AD3d 908, 909 [2013]). Furthermore, the relevancy of the requested payment history for the time period in question cannot be disputed, as it is central and indispensable to defendants' defense that they had made the required mortgage payments and that plaintiff misapplied their payments. Inasmuch as compliance with a disclosure request "requires both a timely response and . . . a good-faith effort to address the requests meaningfully" (Kihl v Pfeffer, 94 NY2d 118, 123 [1999]), we find that the entirety of the circumstances presented here permit an inference that plaintiff willfully failed to disclose that which it should have disclosed and that it did not make a meaningful attempt to do so (see Citibank, N.A. v Bravo, 140 AD3d at 1436; BDS Copy Inks, Inc. v International Paper, 123 AD3d at 1257-1258; Ernie Otto Corp. v Inland Southeast Thompson Monticello, LLC, 53 AD3d at 926). Accordingly, based upon our review of the record as a whole, we are unable to find that Supreme Court clearly abused its discretion in remedying plaintiff's noncompliance by striking plaintiff's complaint without prejudice.
Having found that Supreme Court did not abuse its discretion in striking the complaint without prejudice, plaintiff's contention that Supreme Court erred in denying its motion for summary judgment is rendered academic. Were we to address this issue, we would find that defendants' evidentiary submissions, including copies of defendants' checking account statements purportedly showing that defendants made numerous payments after the alleged default on June 1, 2009, raised a triable issue of material fact as to whether defendants defaulted on their payment obligations and, therefore, we would find that plaintiff's motion for summary judgment was properly denied (compare Charter One Bank, FSB v Leone, 45 AD3d 958, 959 [2007]; Rosen Auto Leasing, Inc. v Jacobs, 9 AD3d 798, 799 [2004]).
McCarthy, J.P., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the order entered November 1, 2016 is affirmed, with costs.
ORDERED that the appeal from the order entered July 27, 2016 is dismissed, as academic.



Footnotes

Footnote 1: Inasmuch as the abuse of discretion calculus must take into consideration "the nature and degree of any penalty imposed on a motion pursuant to CPLR 3126" (Gokey v Decicco, 24 AD3d 860, 861 [2005] [internal quotation marks, brackets and citation omitted]; see Kumar v Kumar, 63 AD3d at 1248), we note that, in this case, Supreme Court dismissed the complaint without prejudice, or "[w]ithout loss of rights [and] in a way that does not harm or cancel the legal rights or privileges of a party" (Black's Law Dictionary 1632 [8th ed 2004]). Thus, the remedy employed by Supreme Court for plaintiff's failure to adequately comply with its discovery obligations does not amount to the drastic and severe remedy of "dismissal of the complaint with prejudice" (U.S. Bank N.A. v McCrory, 137 AD3d 1517, 1518 [2016]; accord U.S. Bank N.A. v Polanco, 126 AD3d 883, 885 [2015]), which would have "'the effect of preventing a party from asserting its claim'" (BDS Copy Inks, Inc. v International Paper, 123 AD3d at 1256-1257, quoting D.A. Bennett LLC v Cartz, 113 AD3d 945, 946 [2014]).